**STATE of Missouri, Respondent,**

v.

**Scott A. STREBEL, Appellant.**

**No. 47644.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1984.

Beck, Tiemeyer, Flavin & Zerr, Robert S. Flavin, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from the sentence imposed on his plea of guilty to a charge of possession of cocaine. We dismiss the appeal.

Charged with conspiracy, defendant negotiated a plea bargain whereby the state charged him with possession of cocaine. Defendant pled guilty to this charge, and, pursuant to the plea bargain, the state made an open recommendation on sentencing, "not opposing either a suspended imposition of sentence or a suspended execution of sentence." The court, during the plea hearing, asked the prosecutor to inform defendant of the possible range of punishment for possession of cocaine. This was done, and defendant indicated he knew he could be sentenced to up to twenty years in the Department of Corrections. After the open recommendation was made, defendant was asked:

Q And you understand that under the recommendation the Court could sentence you and require you to serve twen-

ty years in the Missouri Department of Corrections, sir?

A Yes, sir.

Q And is it still your desire to enter a plea of guilty to this offense?

A Yes, sir.

The trial court sentenced him to five years in the State Department of Corrections. Defendant moved to reconsider the sentence, focusing on the failure to grant probation, or to withdraw the guilty plea. The motion to withdraw was passed, and the motion to reconsider was overruled.

Defendant alleges error in the sentencing, claiming the sentence was excessive, disproportionate to that received by the others involved in the crime, the court abused its discretion in refusing probation, and the plea was involuntary because the court rejected the plea bargain without informing defendant. The state's motion to dismiss the appeal was taken with the case. As the appeal does not concern the subject matter jurisdiction of the trial court or the sufficiency of the indictment, no justiciable issue is presented for review. *State v. Simmons*, 660 S.W.2d 319 (Mo.App.1983).

Appeal dismissed.

REINHARD, C.J., and SIMON, J., concur.