Robert L. GAWNE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 38595.

Missouri Court of Appeals,
Western District.

March 17, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 28, 1987.

Application to Transfer
Denied June 16, 1987.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and
MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a direct appeal from the denial of post-conviction relief sought pursuant to Rule 27.26. The judgment is affirmed in part, but the cause is remanded with directions to enter findings of fact and conclusions of law.

Movant presents two points on appeal: (1) his guilty plea was rendered involuntary by ineffective assistance of counsel, and (2) the trial court's findings of fact and conclusions of law were insufficient.

The pertinent facts are as follows: Movant's conviction for witness tampering was connected with a separate charge of rape. The witness tampering charge was filed in Callaway County shortly before movant's rape trial took place in Boone County on change of venue. The state's evidence against movant for witness tampering consisted of a tape recording. That recording reproduced a conversation in which movant offered a motorcycle to a prospective witness in the rape case in exchange for false testimony.

Movant hired Attorney Larry Marshall to represent him. Movant's rape trial was in progress when the state sought to introduce the tape recording into evidence. In response Mr. Marshall filed a motion to suppress. When the trial court overruled that motion, the state was ready to play the tape for the jury hearing the rape case. At that point, movant asked Mr. Marshall to resume plea negotiations with the prosecutor. Pursuant to the resulting plea offers, movant was to serve fourteen years for rape and five years for witness tampering with the two sentences running concurrently. Accepting the plea offers, movant pleaded guilty to rape in Boone County and, several weeks later, pleaded guilty to witness tampering in Callaway County. Movant was sentenced according to the terms of the plea agreements.

Under his point (1), movant argues that the trial court was clearly erroneous in finding that counsel competently represented him. Movant contends that ineffective assistance of counsel rendered his guilty plea to witness tampering involuntary. According to movant, Mr. Marshall failed to adequately advise him about parole provisions and to properly investigate the charges of witness tampering.

■ After a guilty plea, the effectiveness of counsel is relevant only if it affected the voluntariness of the plea. *Green v. State*, 708 S.W.2d 295, 297 (Mo.App.1986). A Rule 27.26 movant, convicted after pleading guilty, must first prove counsel's errors, then show that but for these errors, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Both parties agree on the following facts. On the morning of movant's guilty plea to witness tampering, Mr. Marshall advised movant for the first time that his five-year sentence for witness tampering would be served without parole. Bothered by the no-parole provision, movant asked Mr. Marshall to seek a reduction in the sentence. After consulting with the prosecutor, Mr. Marshall told movant that the prosecutor would not reduce the sentence, but was willing to go to trial. Later that day, movant pleaded guilty to witness tampering. An attorney named James Dowling was present with movant during the guilty plea.

Movant now claims that once he learned about the no-parole provision of the witness tampering statute, it was too late for him to change his mind about pleading guilty. Maintaining that the plea offers on his rape and witness tampering charges constituted a "package deal", movant argues that he was forced into pleading guilty to witness tampering because he had already entered his guilty plea to rape.

■ The transcript of movant's guilty plea hearing refutes these claims. *See Deck v. State*, 682 S.W.2d 874, 877 (Mo.App.1984). In determining the validity of the guilty plea, the material inquiry is whether appellant was misled at the time he pleaded guilty. *Ventimiglia v. State*, 639 S.W.2d 213, 214 (Mo.App.1982). At the time of his guilty plea to witness tamper-

ing, movant was 45 years old and a college graduate, and had previously entered guilty pleas in federal and state courts. At both plea hearings, the judge informed movant that the rape charge and the witness tampering charge were entirely separate matters. When pleading guilty to witness tampering, movant admitted that he knew that no parole was possible. Movant also acknowledged that his chances for parole on the rape conviction might be clouded by his guilty plea to witness tampering. Movant indicated that nothing was making him plead guilty against his will. After the judge agreed to accept the plea agreement, movant declined an opportunity to withdraw his guilty plea.

 Movant further alleges that he relied on Mr. Marshall's alleged incorrect representation that he could expect parole after serving three years of the concurrent fourteen and five year sentences. Contradicting movant's allegation, Mr. Marshall testified that he made no mention of parole possibilities at the time of the plea offers and that he did not tell movant to expect parole after three years. The trial court determined that movant's testimony lacked credibility. On issues of credibility, we must defer to the trial judge who may reject the testimony of a Rule 27.26 movant even if not contradicted. *White v. State*, 694 S.W.2d 825, 827 (Mo.App.1985).

 Movant further alleges that Mr. Marshall failed to adequately investigate and research the law on the witness tampering charges. Movant states that Mr. Marshall was involved in a federal desegregation case. According to movant, Mr. Marshall was too busy to investigate the witness tampering charge independently of the rape charge.

At the Rule 27.26 hearing, Mr. Marshall testified that he had no difficulty representing movant because of time constraints. During movant's rape trial, there was a recess in the desegregation case. In connection with movant's witness tampering charge, Mr. Marshall reviewed the transcript of a discussion between police officers, listened to the tape recording of movant's conversation with the prospective wit-

ness, and discussed this evidence with movant.

At his guilty plea hearing, movant acknowledged that he had discussed the no-parole provision of the witness tampering statute with Mr. Marshall. In response to the trial judge's questions, movant admitted that there was nothing remaining that counsel should have done for him and that he had no complaints about counsel's representation.

The record contradicts movant's claims of ineffective assistance of counsel. Movant has failed to show that his attorney's actions affected the voluntariness of his guilty plea.

There is no merit to appellant's point (1) and it is ruled against him.

Under his final point (2), movant argues that he was deprived of an opportunity for meaningful appellate review by the trial court's failure to enter specific findings of fact and conclusions of law on all issues raised in his Rule 27.26 motion. While the trial court issued complete findings and conclusions on appellant's claims of ineffective assistance of counsel, it made no findings or conclusions on alleged deficiencies in the information. Movant's amended rule 27.26 motion specifically incorporated by reference claims of various errors in the information, originally set forth in his pro se motion.

 Rule 27.26(i) requires the trial court to make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). Appellate review is confined to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986). Findings and conclusions may not be supplied by implication from the trial court's ruling. *Fields*, 572 S.W.2d at 483. The trial court's failure to provide specific findings of fact and conclusions of law precludes meaningful appellate review. *See McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App. 1981).

Limited exceptions to the requirements of Rule 27.26(i) exist. No error results upon failure to make findings and conclusions on claims unsupported by substantive evidence or on claims not cognizable in a Rule 27.26 proceeding. *Smith v. State*, 674 S.W.2d 638, 642 (Mo.App.1984); *Johnson v. State*, 615 S.W.2d 502, 506 (Mo. App.1981); *Haynes v. State*, 561 S.W.2d 450, 451 (Mo.App.1978). Arguing the applicability of the first exception, the state maintains that appellant adduced no evidence on the claims contained in his pro se motion.

In this case we must strictly enforce the provisions of Rule 27.26(i). Because the sufficiency of an information is jurisdictional, its validity may be challenged for the first time in a Rule 27.26 proceeding. *Hulstine v. State*, 702 S.W.2d 120, 122 (Mo.App.1985). Regarding his claims of errors in the information, movant specifically stated that he intended to rely on the information contained in the court's file. At the Rule 27.26 hearing, the trial court took judicial notice of that file. With this evidence available, the trial court should have made findings of fact and conclusions of law regarding the alleged defects in the information.

Appellant's final point (2) is sustained to his favor.

That portion of the judgment pertaining to the trial court's finding that counsel was not ineffective is in all respects affirmed.

The cause is remanded, however, to the circuit court for the exclusive purpose and with the directive that the circuit court enter findings of fact and conclusions of law relative to movant's challenge to the sufficiency of the information filed against him.

All concur.