**STATE of Missouri, Respondent,**

v.

**John EWANCHEN, Appellant.**

**John EWANCHEN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**
(Two Cases)

**No. 72905.**

Supreme Court of Missouri,
En Banc.

Nov. 20, 1990.

Judith LaRose, Columbia, for appellant, movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

This case involves the question of whether the persistent offender statute may be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony by § 577.023.[1] Prior to the present proceedings, in 1982 and 1986, John Ewanchen was convicted of two intoxication-related traffic offenses, driving while intoxicated and driving with excessive blood alcohol content. Ewanchen was also previously convicted of two felonies—operating a motor vehicle without the owner's consent and exhibiting a deadly weapon in a rude, angry and threatening manner. On January 10, 1989, a jury found Ewanchen guilty of driving while intoxicated (DWI), third offense, § 577.010, driving while his license was revoked, § 302.321, and careless and imprudent driving, § 304.015, offenses that occurred in September of 1987. On April 10, 1989, Ewanchen entered a plea of guilty to another charge of driving while intoxicated, third offense, § 577.010; that offense occurred in February of 1988. In a consolidated hearing on April 19, 1989, the trial court sentenced Ewanchen as a persistent offender, § 558.016, to two concurrent seven year terms for the DWIs and concurrent jail terms of 30 days and 90 days for the remaining offenses. Ewanchen appealed from the sentence for one of the convictions of DWI and from the denial of his *Rule 24.035* motion in which he challenged the other DWI sentence.[2] The Missouri Court of Appeals, Eastern District, adhering to its precedent in *State v. Arbeiter*, 664 S.W.2d 566 (Mo.App.1983), and *State v. Van*, 665 S.W.2d 373 (Mo.App. 1984), affirmed the convictions. The court of appeals then transferred the case to this Court pursuant to *Rule 83.02*, finding its own authority in conflict with cases from the southern and western districts of the court of appeals. The judgments of the trial court are affirmed.

Ewanchen contends in his direct appeal that the trial court erred in finding him to be a persistent offender under § 558.016, and in removing the issue of punishment from the jury under § 557.036. Ewanchen asserts that it is impermissible to stack a general enhancement statute upon a specific subsequent offense penalty enhancement statute. He contends that the legislature did not intend to make driving while intoxicated an offense punishable by imprisonment of up to ten years. Ewanchen alludes to a due process violation but cites no authority and makes no argument in support; therefore, this Court need not review

---

1. All statute references are to RSMo 1986.

2. Ewanchen filed two appeals. One purported to be a consolidated direct appeal from the sentence imposed by the trial court following the jury trial and appeal from the denial of his *Rule 29.15* motion, but it raised no issues pertaining to the post-conviction motion. The other was an appeal only from the denial of the *Rule 24.035* motion. This Court is left to consider the direct appeal of one conviction and the denial of the post-conviction motion following the other.

the allegation. In any event, the question is one of legislative intent. The sole issue in each of Ewanchen's appeals is whether the trial court properly sentenced Ewanchen as a persistent offender under § 558.016, when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony by § 577.023.

Chapter 577 governs intoxication-related traffic offenses. Driving while intoxicated is a class B misdemeanor. § 577.010. When the offense is repeated, the sentence enhancing provisions of § 577.023 are actuated. Section 577.023 provides in pertinent part:

1. For purposes of this section, unless the context clearly indicates otherwise:

(1) An "intoxication-related traffic offense" is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law;

(2) A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction;

. . . .

3. Any person who pleads guilty to or is found guilty of a violation of Section 577.010 ... who is alleged and proved to be a persistent offender shall be guilty of a class D felony....

A class D felony is punishable by a prison term not to exceed five years. § 558.011.1(4).

Chapter 558 contains provisions relating generally to recidivism. Section 558.016 provides:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony ... to an extended term of imprisonment if it finds the defendant is a persistent offender ...

. . . .

3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

. . . .

6. The total authorized maximum terms of imprisonment for a persistent offender ... are:

(4) For a class D felony, a term of years not to exceed ten years.

Because Ewanchen's DWI convictions were third offenses, they were felonies. Because of his two prior felonies, the trial court sentenced him as a persistent offender. Ewanchen argues that this "double enhancement" or "stacking of enhancement statutes" is impermissible.

Under the same or analogous circumstances, others have raised an argument identical to Ewanchen's. *See State v. Smith,* 591 S.W.2d 263 (Mo.App.1979); *State v. Arbeiter,* 664 S.W.2d 566 (Mo.App. 1983); and *State v. Dowdy,* 774 S.W.2d 504 (Mo.App.1989). The cases that find stacking improper use statutory construction to reach their result and are based generally on the rules that penal statutes are construed liberally in favor of the defendant and strictly against the state, and that, in the case of doubt about the severity of punishment, statutes are construed so as to favor a milder sentence over a harsher one. *See Dowdy,* 774 S.W.2d at 508 (*citing State v. Treadway,* 558 S.W.2d 646, 652–53 (Mo. banc 1977)). These cases also rely on a general versus specific distinction: because the legislature has set forth specifically in one statute the ramifications of multiple offenses, it is logical to assume that the legislature intended this to control over the more general enhancing statute. *See Smith,* 591 S.W.2d at 267.

Cases that permit stacking rely on the plain meaning rule. *See Arbeiter,* 664 S.W.2d at 570; *see also Dowdy,* 774 S.W.2d at 510–12 (Maus, J., dissenting). There is a straightforward argument for applying both enhancements: the plain language of the statutes permits application of both. The language is broad and inclusive. Neither statute prohibits application of the other. Where possible, statutes are to be given effect as written. *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985). The

Court is persuaded that the language of § 577.023 and § 558.016 is plain, and the Court holds that the language permits application of § 558.016 after a trial court has properly determined a defendant to be a class D felon under § 577.023.

Application of § 558.016, the persistent offender statute, however, is not mandatory. The statute provides that the "court *may* sentence a person ... to an extended term of imprisonment if it finds the defendant is a persistent offender ..." (emphasis added). The statute gives the circuit court discretion. Nothing in the record indicates that the circuit court abused its discretion.

Under the holding of this opinion, Ewanchen's *Rule 24.035* claim, identical to that addressed above, is without merit.

The judgments are affirmed.

All concur.