Billy Ray WOODS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47037.

Missouri Court of Appeals,
Western District.

June 29, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

FENNER, Presiding Judge.

Appellant, Billy Ray Woods, appeals the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. The motion was heard in the Circuit Court of Livingston County, Missouri, and appellant's request for postconviction relief was denied on September 24, 1992.

The facts relevant to this appeal are as follows: Late in the evening on December 10, 1990, Woods drove to the Chillicothe Police Department to report that he had been robbed. The police reports show that Woods arrived at the police department at approximately 10:53 p.m. to report that he had been robbed at gunpoint by a man named Rick Orona.[1]

The police reports further show that Officers Knouse and Parks obtained permission to search Woods' car for further evidence of the alleged robbery. During their search, they found marijuana. Officer Parks arrested Woods at approximately 12:05 a.m. for possession of under 35 grams of marijuana, a misdemeanor. Officer Parks read Woods his Miranda rights at approximately 12:07 a.m. While the officers were talking to Woods, they noticed that Woods was intoxicated. Woods was given a breathalyzer test to determine his blood alcohol level at approximately 1:18 a.m. His blood alcohol content was .11 percent. The police reports make no mention of the precise time when Woods was arrested for driving while intoxicated (DWI). Woods claimed that he arrived at the police station at 10:53 that evening and was not arrested for DWI until 1:11 a.m.

Woods was charged by information, filed on January 16, 1991 in Livingston County Circuit Court, with committing the Class D felony of driving while intoxicated in violation of sections 577.010, RSMo 1986, and 577.023, RSMo Supp.1992,[2] on December 10, 1990, near the Chillicothe Police Department. The information further alleged that Woods was a prior and persistent offender.

A preliminary hearing had been held on January 7, 1991. Officer Parks testified that he believed that Woods was intoxicated when he arrived at the police station on the evening of December 10, 1990. Officer Parks stated that Woods told him and other officers that he drove from a bar to the police station. Officer Sampsel, who was also at the police station that evening, testified that he noticed that Woods had been drinking and that Woods stated that he had driven his car. Officer Cox, the arresting officer for the DWI charge, testified that Woods displayed the symptoms of alcohol intoxication. He further testified that he arrested Woods for DWI at approximately 12:30 a.m., after Woods was arrested by Officer Parks for possession of marijuana. Officer Cox stated that he read Woods his rights after arresting him and administered the breathalyzer test at 1:18 a.m.

Counsel for Woods filed a motion to suppress the results of the breathalyzer test on

---

1. The police later determined that Woods had made a false report.

2. All references to section 577.010 are to RSMo 1986 and all references to section 577.023 are to RSMo Supp.1992.

August 29, 1991. In the motion to suppress, counsel argued that Woods' arrest for DWI was illegal because the arrest was not made within one and one-half hours after the alleged violation occurred, as required by section 577.039, RSMo 1986.[3] A hearing on this motion was held on September 6, 1991. At the hearing, Officer Parks testified that Woods arrived at the police station at approximately 10:53 p.m. on the evening in question. Officer Parks stated that Woods was arrested for possession of marijuana at approximately 12:05 a.m. and was read his Miranda rights at approximately 12:07 a.m. Officer Cox testified that he arrested Woods for DWI "no more than three minutes after" Officer Parks read Woods his Miranda rights, or approximately 12:10 a.m. Woods was read his Miranda rights for the DWI arrest at approximately 1:10 a.m. according to Officer Cox's testimony and the police report. Officer Cox read Woods his rights under the Implied Consent Statute at approximately 1:11 a.m. Officer Cox acknowledged, however, that there is no indication in the police report that he arrested Woods for DWI at 12:10 a.m.

The trial court found that the testimony of Officer Cox was credible as to his procedures. The court then denied the motion to suppress, finding the credible evidence to indicate that the arrest was made within the one and one-half hour time limit imposed by statute.

On November 18, 1991, Woods pled guilty to the Class D felony of driving while intoxicated in violation of sections 577.010 and 577.023. He admitted that he operated a motor vehicle while in an intoxicated condition. As part of the plea agreement, the prosecutor agreed to dismiss the misdemeanor marijuana charge in connection with the instant case and also a pending DWI charge in a separate case.[4] There was to be no binding recommendation as to sentence. The guilty plea was accepted and a presentence investigation was ordered.

On January 10, 1992, Woods was sentenced as a persistent offender, pursuant to sections 558.016, RSMo Supp.1992, and 557.036.4, RSMo Supp.1992,[5] to ten years imprisonment in the Missouri Department of Corrections.

Woods filed a pro se motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035, on March 6, 1992. As grounds for this motion, Woods contended that there was a breach of the plea agreement, which called for a maximum sentence of five years.

An amended motion to vacate, set aside or correct the judgment and sentence was filed on May 7, 1992, and an evidentiary hearing was requested. The amended motion contained additional allegations.

The trial court entered its findings of fact and conclusions of law on September 24, 1992, denying Woods' motion and request for an evidentiary hearing. This appeal followed.

We note initially that the appellate court's review of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. *Edmonds v. State,* 819 S.W.2d 90, 91 (Mo.App.1991); Rule 24.035(j). They will be considered clearly erroneous if, upon review of the entire record, the "appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App. 1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985)).

I.

In his first point on appeal, Woods argues that the motion court clearly erred in denying his postconviction relief motion without an evidentiary hearing in that the trial court lacked jurisdiction to accept appellant's guilty plea and to impose sentence because appellant was not arrested within one and

3. All references to section 577.039 are to RSMo 1986.

4. Woods had received a citation for DWI while he was out on bond awaiting trial for the DWI charge in the instant case.

5. All references to 558.016 and 557.036 are to RSMo Supp.1992.

one-half hours after the offense allegedly occurred, in violation of section 577.039.

Section 577.039 provides as follows:

An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, for a violation of section 577.010 or 577.012 is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; *provided, however, that any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred* (emphasis added).

A movant is entitled to an evidentiary hearing on a motion for postconviction relief only if he has alleged facts which would warrant relief if true, the allegations were not refuted by the record, and the movant was prejudiced by the alleged errors. *Green v. State*, 812 S.W.2d 557, 558 (Mo.App.1991). As described above, Woods' allegation that he was not arrested within one and one-half hours after the alleged violation occurred is refuted by the record.

Woods admitted that he drove to the police station and that he was intoxicated. He arrived at the police station at 10:53 p.m. While the police reports fail to mention the precise time that Woods was arrested for DWI, Officer Cox, the arresting officer on the DWI charge, testified at the suppression hearing that he arrested Woods at approximately 12:10 a.m., after Woods was arrested for the marijuana charge. The trial court found the testimony of Officer Cox to be credible. We will defer to this finding.

Since the record shows that Woods was arrested for DWI at approximately 12:10 a.m., the trial court had jurisdiction to accept the guilty plea because the arrest was within the one and one-half hour time limit imposed by statute. Thus, the motion court did not clearly err in denying Woods' motion for postconviction relief without an evidentiary hearing.

Appellant's first point is denied.

## II.

In his second point on appeal, appellant argues that the motion court clearly erred in denying his motion for postconviction relief without an evidentiary hearing because appellant claimed that he was improperly sentenced. Appellant contends that the same prior convictions used to enhance the charged offense to a Class D felony were also used to sentence appellant as a persistent offender under section 558.016, exposing Woods to double enhancement of punishment in violation of appellant's due process rights.

Woods was charged with the Class D felony of driving while intoxicated in violation of section 577.023.3 which provides:

Any person who pleads guilty to or is found guilty of a violation of section 577.-010 [driving while intoxicated] ... who is alleged and proved to be a persistent offender shall be guilty of a class D felony.

Under section 577.023.1(2), a persistent offender is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction.

Woods was also charged as a persistent offender under section 558.016.3, which defines a persistent offender as one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. Under section 558.016.7(4), the total authorized maximum term of imprisonment for a persistent offender who has committed a class D felony is a term not to exceed ten years.

The Missouri Supreme Court in *State v. Ewanchen*, 799 S.W.2d 607, 610 (Mo. banc 1990), held that the plain language of sections 577.023 and 558.016 permits application of section 558.016 after a trial court has properly determined a defendant to be a class D felon under section 577.023. The issue in *Ewanchen* was whether the persistent offender statute could be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony by section 577.023. *Id.* at 608.

In *Ewanchen*, the defendant asserted that it was impermissible to stack a general en-

hancement statute upon a specific subsequent offense penalty enhancement statute, and contended that the legislature did not intend to make DWI an offense punishable by imprisonment of up to ten years. *Id.* at 608. The court, however, found that the plain language of the statutes permits application of both because the language is broad and inclusive. *Id.* at 609. Neither statute prohibits application of the other. *Id.* at 609.

We find *Ewanchen* to be controlling. In the case at bar, Woods was found to be a class D felon under section 577.023 and was also found to be a persistent offender under section 558.016 because he had pleaded guilty to two or more DWI felonies at different times, one being on August 20, 1984 and the other being on July 12, 1985. Thus, his sentence was enhanced to a ten year term of imprisonment under section 558.016.7(4). Appellant was not improperly sentenced.

Appellant's second point is denied.

### III.

In his third point on appeal, which is an alternative argument to his second point, Woods argues that the trial court plainly erred in finding him to be a persistent offender under sections 577.023 and 558.016 because the State failed to prove that (1) he had been found guilty of two or more intoxication-related traffic offenses at different times within ten years of a previous intoxication-related traffic offense conviction, and (2) his prior convictions were imposed with the benefit of counsel or that Woods waived counsel. Woods argues that there was no evidence in the record to indicate the presence or absence of counsel with respect to the prior convictions and that these convictions could not be used for the purpose of determining his offender status.

These allegations were not raised in either of appellant's pro se or amended Rule 24.035 motions. Thus, we will not consider them for the first time on appeal. *Williams–Bey v. State,* 789 S.W.2d 99, 101 (Mo.App.1990).

### IV.

In his fourth point on appeal, Woods argues that the motion court clearly erred in denying Woods' motion for postconviction relief without an evidentiary hearing because Woods claimed that his guilty plea was entered involuntarily and was coerced because Woods received ineffective assistance of counsel. Woods contends that his counsel misled him to believe that he would be sentenced to five years imprisonment pursuant to a plea agreement, and failed to preserve and appeal the denial of Woods' motion to suppress.

 After a guilty plea, the effectiveness of counsel is relevant only if it affected the voluntariness of the plea. *Gawne v. State,* 729 S.W.2d 497, 499 (Mo.App.1987). A postconviction movant, convicted after pleading guilty, must first prove counsel's errors, then show that but for these errors, he would not have pleaded guilty. *Id.*

 Appellant's claim that he was induced to plead guilty is refuted by the record, as shown by the following excerpts from the transcript of the guilty plea hearing:

THE COURT: Has there been any negotiations on a plea agreement or is this a straight up plea?

MR. ROBERTS [prosecutor]: It's a straight up plea, your Honor, but it is pursuant to a plea agreement. While the defendant was out on bond awaiting trial for this charge he received a citation for driving while intoxicated, was written a traffic ticket by the Missouri State Highway Patrolman and released. There is, I believe, a warrant outstanding for his arrest out of the Associate Division in connection with that case. In addition, in connection with this case there is a misdemeanor marijuana charge. The agreement is if he pleads straight up to the Court without a binding plea agreement as to sentence on this charge both sides will take their chance and the other two charges will be dismissed ...

\* \* \* \* \* \*

THE COURT: All right. It [sic] that your understanding?

MR. MILLER [defense counsel]: That's my understanding ...

\* \* \* \* \* \*

THE COURT: Is that your understanding then, Mr. Woods, about the plea agreement?

MR. WOODS: Yes, sir, it is.

THE COURT: What will happen and you desire to plead guilty based on that?

MR. WOODS: Yes, sir.

\* \* \* \* \* \*

[Court advised Woods of his rights]

Q [Court]: For the record then, Mr. Woods, I would ask you how you plead to the Class D felony of [DWI]?

A [Woods]: I plead guilty to it.

\* \* \* \* \* \*

THE COURT: What range of punishment, Mr. Roberts, on this type of offense?

MR. ROBERTS: Normally, your Honor, the Class D felony carries up to five years but by charging persistent offender and admitted that he is the range of punishment goes up to ten years.

Q [Court]: All right. Do you understand that, Mr. Woods?

A [Woods]: Yes, sir.

Q: Have you discussed that fully with Mr. Miller about that range of punishment?

A: Yes, sir, I have.

Q: Has anybody promised you anything, Mr. Woods, as to what the actual sentence will be that you will receive?

A: No, sir, they haven't.

Q: All right. Now, has anybody pressured you or threatened you in any manner to get you to enter a plea of guilty to this?

A: No, sir.

Q: Have they promised you anything aside from the plea bargain agreement which I guess is to dismiss two of the other charges?

A: No, no one has promised me nothing.

\* \* \* \* \* \*

Q: Has Mr. Miller done everything you've asked him to do?

A: Yes, he has.

Q: Is there anything that he's refused to do that you've asked him to do?

A: No.

Q: Do you have any complaints at all about anything Mr. Miller or anybody from his office has done?

A: No, sir.

Q: Are you completely satisfied then with the services that he has rendered to you?

A: Yes, sir.

Q: Now, you understand that on this plea of guilty that the range of punishment will be up to the Court and there's a ten-year range and you could receive ten years on this?

A: Yes, sir, I do.

Q: Do you fully understand that?

A: Yes, sir.

The court then found Woods' guilty plea to have been voluntarily and intelligently made.

The record reflects that Woods did enter an original plea of guilty pursuant to a plea agreement for a sentence of five years. However, Woods committed another DWI violation while awaiting a pre-sentence report. Thereafter, Woods and the State entered a new plea agreement, which is reflected in the above colloquy, whereby Woods would maintain his plea of guilty with no agreement as to sentence, and the State would not prosecute the new DWI felony.

Based on the record before us, we find that Woods has failed to prove any error on the part of his counsel. The guilty plea transcript shows that he was well aware that he could receive ten years imprisonment and that nothing less was promised to him. Woods' guilty plea was voluntarily and intelligently made.

As to Woods' claim that his counsel was ineffective for failing to preserve and appeal the denial of the motion to suppress, we note that since we found Woods' guilty plea to be voluntary, the issue of counsel's effectiveness is irrelevant. Even if it were relevant, however, counsel's failure to preserve an issue for appeal is not cognizable in a post-conviction proceeding. *See Kirk v. State,* 778 S.W.2d 661, 662 (Mo.App.1989).

Since Woods' claims are refuted by the record, he was not entitled to an evidentiary hearing on his postconviction relief motion

and, thus, the motion court did not clearly err in denying his motion without a hearing.

Appellant's fourth point is denied.

## V.

■ In his final point on appeal, Woods argues that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law as to each allegation raised by Woods in his pro se and amended motions for postconviction relief. Woods contends that Rule 24.035(i) requires that the motion court issue findings of fact and conclusions of law on all issues presented to allow for meaningful review. He argues that the motion court summarily denied each of his claims with little or no discussion of the merits.

Rule 24.035(i) requires that the court issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the findings and conclusions on a postconviction motion sufficiently cover all points so as to permit meaningful appellate review, the findings and conclusions are sufficient. *Cook v. State*, 752 S.W.2d 483, 485–86 (Mo.App.1988). The trial court need not enter itemized findings of fact and conclusions of law with regard to a postconviction motion; rather, its findings and conclusions need only be sufficient to adequately allow the appellate court to review the movant's contentions and determine whether the findings and conclusions were clearly erroneous. *State v. Turner–Bey*, 812 S.W.2d 799, 809 (Mo.App.1991).

The court's findings on the ineffective assistance of counsel claim were specific and sufficient. Although the court was more general in its other findings and conclusions, we find that they were sufficient to allow us to conduct a meaningful review and to conclude that the trial court's actions were not clearly erroneous.

The judgment is affirmed.

All concur.