**Gerald R. LAWRENCE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73770.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1998.

S. Paige Canfield, Asst. Atty. Gen., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Gerald Lawrence (Movant) appeals from the judgment denying his Rule 24.035 motion for post-conviction relief. We vacate the court's judgment and remand for dismissal.

On January 21, 1997, Movant pleaded guilty to second degree burglary. After a pre-sentence investigation, on March 4, 1997, the court sentenced him to five years of imprisonment. On July 23, 1997, Movant filed a *pro se* Rule 24.035 motion. In that motion, Movant alleged he was delivered to the Department of Corrections on March 5, 1997. The court appointed counsel to represent Movant. Counsel filed a statement in lieu of an amended motion. On December 9, 1997, the court issued a judgment denying Movant's motion in summary fashion. The court found Movant had failed to present any basis for relief and his claims were refuted by the record. Movant appeals.

In his appeal, Movant now acknowledges that his Rule 24.035 motion was untimely. We note the issue of timeliness is jurisdictional and may be addressed for the first time on appeal. *Gladden v. State,* 966 S.W.2d 314, 315 (Mo.App. E.D.1998). A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). Movant concedes his Rule 24.035 motion was filed outside the 90–day time limit. However, he argues the absolute

time limits set forth in Rule 24.035 are unconstitutional.

The Missouri Supreme Court has held the time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). In addition, the Court has held that Rule 24.035 does not operate as an unconstitutional suspension of the writ of habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989).

■ Movant's failure to file his motion within the time guidelines of Rule 24.035 results in a complete waiver of his right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141. Therefore, the motion court clearly erred in considering Movant's motion on the merits rather than dismissing it. *See, Burgin v. State*, 969 S.W.2d 226, 227 (Mo.App. E.D.1998).

The judgment is vacated and remanded for dismissal of the motion under Rule 24.035. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990).

PUDLOWSKI, P.J., and CRANDALL J., concur.