**Merl MORGAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 22952.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 18, 1999.

Rehearing and Transfer Denied
Dec. 1, 1999.

Application for Transfer Denied
Jan. 25, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES K. PREWITT, Judge.

On August 25, 1997, Movant was charged with one count of possession of ephedrine, Section 195.246, RSMo Supp. 1996. On September 17, 1997, he entered a plea of guilty, and was sentenced to three years' imprisonment. The trial court suspended execution of the sentence, placed Movant on probation, and ordered him to undergo treatment for substance abuse. Movant later violated the terms of his probation. On August 5, 1998, the trial court revoked his probation and ordered the previously imposed sentence to be executed.

Movant was delivered to the custody of the Department of Corrections on August 5, 1998. On November 12, 1998, Movant filed a *pro se* motion pursuant to Rule 24.035. On January 25, 1999, the motion court entered an order appointing counsel for Movant and allowing sixty days in which to file an amended motion. The record in this case contains a copy of a letter dated March 11, 1999 written by post-conviction counsel and addressed to the Honorable Stephen R. Sharp. The letter was apparently in response to a letter written by Judge Sharp. In his letter, post-conviction counsel agreed with the circuit judge that the court did not

have jurisdiction because "Rule 24.035(b) is rather clear on the ninety (90) day limitation on filing." On March 15, 1999, the motion court entered an order finding that the appointment of counsel was incorrectly entered because the *pro se* motion was not timely filed and the court was therefore without jurisdiction to entertain the motion.

Movant claims the motion court clearly erred in denying his Rule 24.035 motion without first ensuring that motion counsel fully complied with the mandates of Rule 24.035, because the court failed to make a record of motion counsel's actions, "in that motion counsel waived any challenge to the finding of untimeliness of appellant's *pro se* motion without advocating and preserving for appellate review the unconstitutionality of the Rule."

Movant does not argue that his Rule 24.035 motion was timely filed, but that the time limitations contained in the rule are arbitrary and therefore unconstitutional. By acquiescing in the determination that the *pro se* motion was filed out of time, Movant claims that his post-conviction counsel failed to preserve for appellate review this constitutional question. While acknowledging that there is no right to post-conviction counsel, Movant argues that his case fits within an exception by claiming that his post-conviction counsel abandoned him.

Appellate review of the trial court's action on the motion filed is limited to a determination that the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k).

█ Rule 24.035(b) requires a *pro se* motion to be filed within ninety days of the date the person is delivered to the custody of the Department of Corrections. In this case, the *pro se* motion was filed ninety-nine days after Movant's delivery to the Department of Corrections. Demonstration of a timely filing of the *pro se* motion is a condition precedent to pleading a claim for post-conviction relief. An untimely *pro se* motion for postconviction relief is a fatal defect which cannot be cured by a timely amended motion. *Stidham v. State*, 963 S.W.2d 351, 353 (Mo.App.1998). Failure to file a motion within the time guidelines of Rule 24.035 results in a complete waiver of the right to proceed under this rule. *See Lawrence v. State*, 980 S.W.2d 135, 136 (Mo.App.1998).

█ The time limits of Rule 24.035 have been held to be reasonable, valid, mandatory and constitutional. The time limits serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent the litigation of stale claims. *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). *See also State v. Blankenship*, 830 S.W.2d 1, 16 (Mo.banc 1992); *Washington v. State*, 972 S.W.2d 347, 348 (Mo.App.1998); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994); *Bullard v. State*, 853 S.W.2d 921, 923 (Mo.banc), *cert. denied*, 510 U.S. 979, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993). Movant has failed to offer any persuasive argument as to why the time limitations should be changed.

█ Movant argues that his postconviction counsel abandoned him when counsel failed to file an amended motion and acquiesced in the dismissal of the *pro se* motion. While there is no right to counsel in postconviction proceedings, and hence no right to complain of ineffective assistance of postconviction counsel, *State v. Hunter*, 840 S.W.2d 850, 871 (Mo.banc 1992), *cert. denied* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993), an exception to this rule applies where the record shows that a movant has been abandoned by his postconviction counsel. *State v. Bradley*, 811 S.W.2d 379, 384 (Mo.banc 1991). There are two recognized forms of abandonment. First, abandonment may occur when postconviction counsel takes no action on movant's behalf, so that it appears on the face of the record that movant is deprived of a meaningful review of postconviction claims. *Moore v. State*, 934

S.W.2d 289, 291 (Mo.banc 1996). The record in the instant case rebuffs this proposition. Postconviction counsel's letter to the court recognizing the untimeliness of the *pro se* motion indicates that counsel did take some action on Movant's behalf. Second, abandonment may also occur when the record reflects that counsel had determined there is a sound basis for amending the *pro se* motion, but fails to do so. *Id.* The record in this case does not establish that basis for abandonment either.

Finally, Movant argues that the motion court should have made a record of postconviction counsel's actions. A hearing is required, however, only when the record establishes that post-conviction counsel has abandoned the movant. *Id.* Because we do not find that counsel abandoned the Movant, no hearing to create a record was required. Additionally, a hearing is only permitted "if movant is innocent of responsibility for the late filing" of the amended motion. *Id.* In the instant case, movant filed his *pro se* motion out of time, thereby making it impossible to timely file an amended motion.

We cannot say that the motion court clearly erred in dismissing Movant's *pro se* motion. Because the timely filing of a motion is jurisdictional, the motion court cannot address the merits of the motion, but must dismiss it. *Washington,* 972 S.W.2d at 348.

The judgment is affirmed.

GARRISON, C.J., and
MONTGOMERY, P.J., concur.