**Damon SELF, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 23027.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 2000.

Application for Transfer to Supreme
Court Denied March 1, 2000.

Application for Transfer Denied
April 25, 2000.

---

**224**

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Damon Self (movant) appeals the denial of a post-conviction motion he filed pursuant to Rule 24.035. Movant's Rule 24.035 motion was directed to a conviction for felony driving while intoxicated in violation of § 577.010.1.[1] The offense was a felony in that movant was charged as, and found to be, a persistent offender. *See* §§ 577.023.1(2) and .3. He was sentenced to an extended term of imprisonment as permitted by § 558.016.1. This court affirms.

This court notes:

[T]he appellate court's review of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. *Edmonds v. State,* 819 S.W.2d 90, 91 (Mo.App.1991); Rule 24.035(j) [now Rule 24.035(k) ]. They will be considered clearly erroneous if, upon review of the entire record, the "appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985)).

*Woods v. State,* 861 S.W.2d 577, 579 (Mo. App.1993).

Movant pleaded guilty to having operated a motor vehicle on or about October 19, 1997, in Greene County, Missouri, while in an intoxicated condition. He admitted, as was charged by the information, that he had pleaded guilty on February 13, 1996, in the Associate Circuit Judge Division of the Circuit Court of Greene County, to the offense of driving while intoxicated on January 15, 1996, and had pleaded guilty on May 29, 1992, to the offense of driving while intoxicated on November 12, 1991. These were the offenses on which he was determined to be a persistent offender for purposes of § 577.023.1(2) and .3.

The part of the information in movant's underlying criminal case that asserted he was punishable as a persistent offender by sentence to an extended term of imprisonment pursuant to § 558.016.1 and .3 alleged:

1. On or about February 13, 1996, defendant pleaded guilty to the felony of driving while intoxicated in Case No. 396CF0335 in the Circuit Court of Greene County, Missouri.

2. On or about February 13, 1996, defendant pleaded guilty to the felony of driving while intoxicated in Case No. 395CF1439 in the Circuit Court of Greene County, Missouri.

Movant was asked at the guilty plea hearing in the underlying criminal case if he had pleaded guilty to the two felony offenses on February 13, 1996, and if those offenses had been "committed at different

---

1. References to statutes are to RSMo 1994, unless otherwise stated.

times from each other." He answered each question asked, "Yes, sir."

■ Movant presents two points on appeal. The issue to which Point I is directed is that the same case, Greene County Circuit Court Case No. 396CF0335, was used to establish that the charge in the underlying criminal case was a felony because it was a third alcohol-related offense[2] and to establish that movant was subject to punishment by an extended term of imprisonment as a persistent offender.[3] Point I contends the motion court erred in · denying movant's Rule 24.035 motion because the sentence imposed in his underlying criminal case was in excess of the maximum punishment allowable by law because the trial court's reliance on the same case to establish the offense for which movant was sentenced was a felony and as a basis for sentencing him to an extended term of imprisonment "impermissibly doubly enhanced [movant's] punishment."

The range of punishment for third offense driving while intoxicated, a class D felony, is "a term of years not to exceed five years." § 558.011.1(4). However, the maximum punishment for a persistent offender who commits a class D felony is "a term of years not to exceed ten years." § 558.016.7(4). Movant was sentenced to imprisonment for a term of six years.

Movant relies on *State v. Dowdy*, 774 S.W.2d 504 (Mo.App.1989), in support of Point I. The offense in *Dowdy* was enhanced to felony status by reason of § 570.040, RSMo 1986, because the defendant had two prior felony offenses. The same prior stealing offenses relied upon to make the charge a felony had been relied on to establish that the defendant was a persistent offender. *Dowdy* held, on the basis of statutory construction, that the same prior offenses relied upon to enhance the offense to felony status could not be relied upon to punish the defendant as a persistent offender.

However, *State v. Ewanchen*, 799 S.W.2d 607 (Mo. banc 1990), found the statutory construction rationale followed in *Dowdy* to be erroneous. *Ewanchen* was a felony driving while intoxicated case as is the one presently before this court. The court in *Ewanchen* disavowed the statutory construction rationale of *Dowdy*. *Id.* at 609–10. *Ewanchen* held that "the language of § 577.023 and § 558.016 is plain, . . . that the language permits application of § 558.016 after a trial court has properly determined a defendant to be a class D felon under § 577.023."[4] *Id.* at 610.

The Western District of this court considered the issue movant raises in Point I after *Ewanchen* had been decided in *Woods v. State, supra*. The appellant in *Woods* contended he had been improperly sentenced because "the same prior convictions used to enhance the charged offense to a Class D felony were also used to sentence appellant as a persistent offender under section 558.016, exposing Woods to double enhancement of punishment." 861 S.W.2d at 580. The court concluded:

---

2. § 577.023.3 states, in pertinent part, "Any person who pleads guilty to or is found guilty of a violation of section 577.010 . . . who is alleged and proved to be a persistent offender shall be guilty of a class D felony." § 577.023.1 provides, "For purposes of this section, unless the context clearly indicates otherwise: . . . (2) A **'persistent offender'** is a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxicated-related traffic offense for which the person is charged; . . . ."

3. § 558.016.1 states, in pertinent part, "The court may sentence a person who has pleaded guilty to or has been found guilty of an offense . . . to an extended term of imprisonment if it finds the defendant is a persistent offender . . . ." § 558.016.3 provides, "A **'persistent offender'** is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times."

4. The statutory citations cited in *Ewanchen* were to RSMo 1986. The current revisions of the applicable statutes, RSMo 1994, are, in substance, the same as in RSMo 1986.

The issue in *Ewanchen* was whether the persistent offender statute could be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony by section 577.023. *Id.* [799 S.W.2d] at 608.

In *Ewanchen*, the defendant asserted that it was impermissible to stack a general enhancement statute upon a specific subsequent offense penalty enhancement statute, and contended that the legislature did not intend to make DWI an offense punishable by imprisonment of up to ten years. *Id.* at 608. The court, however, found that the plain language of the statutes permits application of both because the language is broad and inclusive. *Id.* at 609. Neither statute prohibits application of the other. *Id.* at 609.

861 S.W.2d at 580–581.

The motion court found:

1) In his First Amended Motion, Movant's sole claim is that his sentence was in excess of the maximum sentence authorized by law for a Class D felony because Movant's prior conviction for DWI in Greene County case number 396CF0335 was used both to enhance the DWI to a felony under Section 577.023 RSMo and to enhance the range of punishment for that offense under Section 558.016 RSMo from five to ten years.

. . .

5) The issue raised by Movant in his First Amended Motion was directly addressed in *State v. Woods*, [sic] 861 S.W.2d 577 (W.D., 1993). In that case, the Defendant was charged with the Class D felony of driving while intoxicated in violation of section 577.023.3 and was also charged as a persistent offender under Section 558.016.3. As with the case at bar, the same prior convictions

were used both to enhance the offense and to support the findings of prior and persistent offender so as to extend the range of punishment. The Court of Appeals affirmed the sentence, finding that *State v. Ewanchen*, 799 S.W.2d 607 (Mo. banc 1990) was controlling. This Court is not persuaded by Movant's argument that *State v. Dowdy*, 774 S.W.2d 504 (S.D.1989), which was decided prior to *Ewanchen*, is applicable here and therefore must conclude that *Ewanchen* is also controlling in this case. The Court concludes that Movant's sentence does not exceed that provided for by law.

The motion court's findings were not clearly erroneous. Point I is denied.

■ Point II is directed to differences in the allegations in movant's *pro se* motion and the amended motion filed by movant's appointed post-conviction counsel. The amended motion did not include all the issues movant attempted to set forth in his *pro se* motion. The motion court, nevertheless, addressed the claims not included in the amended motion. It stated the finding that those claims did not state claims upon which relief could be granted.

■ Rule 24.035(g) states, "The amended motion shall not incorporate by reference material contained in any previously filed motion." Allegations in a *pro se* motion that are not included in a subsequently filed amended motion are not for consideration. *Cross v. State*, 970 S.W.2d 840, 843 (Mo.App.1998). The motion court had no duty to respond to the allegations in movant's *pro se* motion that were not in the amended motion. The reference to those allegations in the motion court's findings is surplusage.

■ Point II contends that the motion court should have determined "whether appointed counsel had complied with counsel's duties under Rule 24.035(e)"; that it erred in failing to do so.[5] Point II is a thinly veiled attempt to assert a claim of ineffective assistance of post-conviction

---

5. Rule 24.035(e) provides:

When an indigent movant files a pro se motion, the court shall cause counsel to be

counsel. *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993), held, "Claims of ineffective assistance of post-conviction counsel are categorically unreviewable."

A narrow exception to the holding in *Hunter* was later established for circumstances in which an indigent post-conviction litigant is abandoned by appointed counsel. When no amended motion is filed and no disclosure appears of record that counsel determined an amended motion was not warranted, there is a presumption that the litigant was abandoned by appointed counsel. *See Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). In this case an amended motion was filed. There is no presumption of abandonment.

Abandonment also occurs when appointed counsel tenders a delinquent amended motion for filing. *Moore* explains, "[A]s occurred in *Sanders* [*v. State*, 807 S.W.2d 493 (Mo. banc 1991)], when *'the record reflects* that counsel has determined that there is a sound basis for amending the *pro se* motion but fails to file the amended motion [in a timely manner] as required by Rule 29.15(f)[,] [t]he failure is, in effect, another form of 'abandonment' by post-conviction counsel.'" 934 S.W.2d at 291 [emphasis in original]. In this case a timely amended motion was filed. The facts of this case do not demonstrate abandonment by post-conviction counsel. Point II is denied. The judgment denying movant's Rule 24.035 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.

appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the

additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion...."