**John Franklyn BUTTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 24746.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 2002.

Kent Denzel, Office of State Public Defender, Columbia, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen. & Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondents.

ROBERT S. BARNEY, Judge.

John Franklyn Butts ("Movant") appeals from a judgment of the Circuit Court of Barry County which, after a hearing, denied his postconviction relief motion filed pursuant to Rule 24.035.[1] In his motion, Movant sought to vacate and set aside a previously imposed judgment and sentence of the circuit court. In the underlying criminal case, Movant entered an *Alford*[2] plea of guilty to first degree child molestation, § 566.067, and was sentenced to five years in the Missouri Department of Corrections.[3] In his sole point on appeal, Movant asseverates that the motion court erred when it did not *sua sponte* determine whether Movant was abandoned by post-conviction counsel. He claims that "the record [did] not show that postconviction counsel performed as required" by Rule 24.035. Movant posits that in the amended motion counsel asserted only an unsupportable jurisdictional claim, "but made no record on the validity of the claims in the Movant's *pro se* motion."

Accordingly, Movant argues that since there was a strong indication of abandonment on the part of postconviction counsel, the motion court clearly erred in not conducting a hearing to determine whether Movant had been abandoned. We determine that Movant's point on appeal is "a thinly veiled attempt to assert a claim of ineffective assistance of post-conviction counsel" which is not reviewable in a Rule 24.035 proceeding. *Self v. State*, 14 S.W.3d 223, 226–27 (Mo.App.2000).

The record shows that Movant was charged in Barry County with first degree statutory rape. Pursuant to a plea bargain in which the State agreed to recommend a five year sentence, Movant entered an *Alford* plea of guilty to a reduced charge of first degree child molestation. During the proceeding, Movant revealed to the circuit court that he had taken medication that day for thyroid and stomach problems, but informed the circuit court that the medications had not impaired his ability to understand the questions asked by the circuit court nor impaired Movant's ability to answer those questions. The State outlined the evidence it expected to produce if the case went to trial, and the circuit court accepted Movant's plea after finding a factual basis to support the count of child molestation in the first degree. Movant was sentenced to five years imprisonment in accordance with the State's recommendation.

Movant timely filed his *pro se* motion for postconviction relief alleging that (1) his plea was unlawfully induced without his understanding because he was on depression medication which caused him problems thinking and understanding; (2) the

---

1. All rule references are to Missouri Court Rules (2002), unless otherwise indicated.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. All statutory references are to RSMo (1994), unless otherwise noted.

State failed to disclose exculpatory evidence in the form of Division of Family Services records; and (3) plea counsel did not contact the witnesses he claimed to have contacted, which Movant did not discover until after the plea.

Following the appointment of postconviction counsel, an amended motion for postconviction relief was filed on behalf of Movant, presenting only one claim: that Movant was denied his right to due process of law and a fair trial because Barry County Circuit Court was not the proper venue for trial of the case, thus the circuit court had no jurisdiction to accept a guilty plea and sentence Movant for the alleged crimes. Movant argues that during the period that the victim alleged the incidents occurred, Movant resided in Webster County and was at no time alone with the victim in Barry County.

The motion court conducted an evidentiary hearing at which Movant presented evidence relating to the amended motion. Thereafter, the motion court entered its findings of fact, conclusions of law, and judgment in which it noted that Movant had not provided any evidence in support of the three claims in his pro se motion. With regard to the venue/jurisdiction claim contained in the amended motion, the motion court did not find the testimony of Movant to be credible, and denied Movant's motion for postconviction relief. Movant does not specifically appeal this ruling by the motion court.

" 'Appellate review of a denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.' " *Elmore v. State*, 55 S.W.3d 424, 425 (Mo.App. 2001) (quoting *Henderson v. State*, 32 S.W.3d 769, 770 (Mo.App.2000)). The motion court's ruling will be found clearly erroneous if upon review of the entire record, the appellate court is firmly convinced that a mistake has been made. *Id.* " 'The motion court's findings of fact and conclusions of law are presumed correct.' " *Id.* (quoting *Cross v. State*, 928 S.W.2d 418, 419 (Mo.App.1996)).

■■■ "There is no constitutional right to counsel in a postconviction proceeding, nor is there a constitutional claim to ineffective assistance of postconviction counsel." *Krider v. State*, 44 S.W.3d 850, 859 (Mo.App.2001). Although claims of ineffective assistance of postconviction counsel are categorically unreviewable, " 'an exception to this rule applies where the record shows that a movant has been abandoned by his postconviction counsel.' " *Id.* (quoting *Morgan v. State*, 8 S.W.3d 151, 153 (Mo.App.1999)).

■■■ There are two forms of abandonment in Rule 24.035 postconviction proceedings recognized by the Missouri Supreme Court. *Id.* "First, abandonment occurs when postconviction counsel takes no action on the movant's behalf and, as a result, it appears on the face of the record that the movant is deprived of a meaningful review of his postconviction claims." *Id.* "Second, when the record reflects that postconviction counsel has determined that there is a sound basis for amending the pro se motion but fails to file the amended motion in a timely manner, such failure is, in effect, another form of abandonment." *Id.*

The Supreme Court of Missouri set out in *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997):

Abandonment hearings have been required by this Court to determine the cause of 1) counsel's failure to file an amended motion, *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991); 2) counsel's failure to have the amended motion verified, *State v. Bradley*, 811

S.W.2d 379, 384 (Mo. banc 1991); and 3) counsel's failure to file the amended motion in a timely fashion. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

"In *Laughlin v. State*, 822 S.W.2d 578, 579 (Mo.App. S.D.1992), the movant alleged that the motion court erred in denying his Rule 24.035 motion because his postconviction attorneys abandoned him by failing to call any witnesses at his postconviction hearing in order to prove the claims asserted in the pro se and amended motions." *Krider*, 44 S.W.3d at 859–60. "The court held that the movant could not obtain review of postconviction counsel's alleged ineffectiveness in failing to call witnesses by labeling his counsel's alleged dereliction 'abandonment.' " *Id.*

In *Self*, 14 S.W.3d at 226, Movant contended that the motion court erred when it failed to determine whether appointed postconviction counsel had complied with his duties under Rule 24.035(e) when he filed an amended motion which did not contain all the issues set forth in Movant's *pro se* motion. This Court found Movant's claim to be a "thinly veiled attempt to assert a claim of ineffective assistance of post-conviction counsel" and denied Movant's claim. *Id.* at 226–27.

In the instant matter, the record shows that Movant's postconviction counsel filed a timely and verified amended motion. *See Owsley*, 959 S.W.2d at 799. Movant may not obtain review of his postconviction counsel's alleged ineffectiveness in choosing to file an amended motion rather than relying solely on Movant's pro se motion by labeling his counsel's alleged dereliction "abandonment." *See Self*, 14 S.W.3d at 227; *Krider*, 44 S.W.3d at 860. As previously set out, claims of ineffective assistance of postconviction counsel are categorically unreviewable. *Self*, 14 S.W.3d at 227. Given these circumstances, the motion court did not err when it held no hearing on the issue of whether Movant had been abandoned by his postconviction counsel. *Id.* The point is denied.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.