STATE of Missouri, Respondent,

v.

Richard Eugene PAXTON, Appellant.

No. 25697.

Missouri Court of Appeals, Southern District, Division One.

June 29, 2004.

Motion for Rehearing or Transfer Denied July 16, 2004.

Application for Transfer Denied Aug. 24, 2004.

Nancy A. McKerrow, Asst. Public DEfender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglas, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Richard Eugene Paxton ("Defendant") appeals from the judgment and sentence of the trial court after his conviction by a jury of child molestation in the first degree, § 566.067.2, for which he was sentenced to twenty years' imprisonment.[1] He raises two points of trial court error, discussed below.

Defendant was charged by information with child molestation in the first degree. The charge asserted that on or about May 19, 2002, Defendant subjected a child less than fourteen years old to sexual contact, and that Defendant had previously plead guilty to the felony of sexual assault in the second degree.[2]

In the light most favorable to the verdict, the following evidence was adduced at trial. *See State v. Driscoll,* 55 S.W.3d 350, 351–52 (Mo. banc 2001). On the weekend of May 18–19, 2002, H.T. ("Victim"), age six, and her half-sister, S.T., were staying at the home of S.T.'s paternal grandmother ("Grandmother"). At that time, Grandmother lived in a trailer with M.B., her boyfriend, and F.G., her roommate. Occasionally C.G., a teenager with family problems, would also stay at that trailer.

Defendant, who worked with Grandmother, visited the trailer on May 18, 2002, and drank alcohol throughout the day.

---

1. Statutory references are to RSMo 2000.

2. At trial, a certified copy of the prior conviction alleged in the information was received into evidence.

That evening, Grandmother put Victim and S.T. to bed on a fold-out bed in the living room. Grandmother and M.B. went to bed in Grandmother's room, and C.G. slept on a couch in the living room. When F.G. was preparing for bed, he told Defendant to spend the night at the trailer because Defendant was intoxicated and should not be driving.

At some point in the evening, S.T. woke up and climbed on the sofa with C.G. Early the next morning, F.G. woke up and went into the kitchen to make coffee. As he passed the living room, F.G. noticed that S.T. was on the sofa with C.G. and that Defendant was on the fold-out bed with Victim. F.G. prepared the coffee, smoked a cigarette, and returned to bed.

When F.G. woke up later, Grandmother asked him where Defendant was. F.G. saw that Defendant was no longer on the fold-out bed and told Grandmother that Defendant must have left the trailer. That afternoon, Grandmother took M.B. to work. While she was gone, M.D. ("Mother"), Victim's and S.T.'s mother, and her husband arrived at the trailer to pick up the girls. Inside the trailer, Victim told Mother that someone had pulled down her panties and *touched* her private parts; however, Victim was unable to remember his name. Mother started naming people who had been at the trailer the night before, and when she mentioned Defendant's name, Victim said that was the man. F.G. also heard Victim tell Mother that someone had pulled down her panties.

Cathy Bernet ("Bernet"), a forensic interviewer with the Child Advocacy Center, interviewed Victim about the incident. During this interview, Victim told Bernet that Defendant pulled off her panties and touched her private parts with his hand. After the interview, Dr. Vickie Burns performed a S.A.F.E. examination of Victim. Dr. Burns identified an abrasion on the tissue circling the hymen and testified that such a finding is consistent with sexual abuse.

At trial, Victim testified that Appellant *licked* her private parts and that she told Mother about the incident "right away." When asked where Defendant touched her, Victim pointed to her genital area.

Defendant did not testify, present any witnesses on his behalf, or cross-examine Victim. The jury returned a guilty verdict of child molestation in the first degree, and the trial court sentenced him to twenty years' imprisonment. This appeal follows.

■ In his first point on appeal, Defendant alleges that the evidence was insufficient to support his conviction for child molestation in the first degree because the victim's testimony was "so inconsistent and contradictory on the essential issue of whether there was sexual contact . . . that without corroboration, her testimony . . . does not rise to the level of proof beyond a reasonable doubt."

■ In reviewing a challenge to the sufficiency of the evidence, we view the evidence, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the verdict, and we disregard all evidence and inferences contrary to the verdict. *State v. Baker*, 23 S.W.3d 702, 709 (Mo.App.2000). We limit our review to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* It is within the jury's province to believe all, some, or none of any witness's testimony in reaching its verdict. *Id.* "Generally, in sexual offense cases the victim's testimony alone is sufficient to sustain a conviction, even if uncorroborated." *State v. Sprinkle*, 122 S.W.3d 652, 666 (Mo.App.2003); *Baker*, 23 S.W.3d at 709.

At a pre-trial conference the State moved to admit the hearsay statements Victim made to Mother and Bernet pursuant to section 491.075.[3] The court determined that Victim's out-of-court statements could be introduced at trial because they "were made at a time and under circumstances to provide sufficient indicia of reliability" to qualify for admission under the statute.

Mother testified that Victim told her that Defendant pulled her panties down and touched her private parts. The videotape of Bernet's interview of Victim was introduced into evidence and was played for the jury. During this interview, Victim told Bernet that "Rickey–Tickey" pulled off her panties and touched her private parts with his hand.

As previously related, Victim testified at trial that Defendant licked her private parts. When asked where Defendant touched her, Victim pointed to her genital area.

Defendant argues that Victim's testimony was "riddled with internal contradictions," and as such, the testimony must be corroborated.

 As outlined previously, the victim's testimony alone will generally sustain a conviction, even if that testimony is uncorroborated. *Baker*, 23 S.W.3d at 709. However, an exception known as the "corroboration rule" applies in the context of sexual offense cases. *Id.* "Corroboration is mandated only when the victim's testi-mony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is rendered doubtful such that corroboration of the victim's testimony is required to sustain the conviction." *Id.* "Further, the rule is not applied merely because the testimony of the victim includes inconsistencies or contradictions as to minor points of a nonessential nature." *Id.* "Conflicts of nonessential nature and issues regarding the credibility of witnesses are matters for the jury to determine." *Id.* The corroboration rule is only triggered when "the victim's testimony is 'so contradictory or inconsistent as to deprive it of all probative force.'" *State v. Benwire*, 98 S.W.3d 618, 623 n. 2 (Mo.App. 2003) (quoting *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995)).

 Initially, we note the corroboration rule applies only to inconsistencies within the victim's *trial* testimony and does not apply to conflicts between the victim's trial testimony and the victim's out-of-court statements. *Sprinkle*, 122 S.W.3d at 666; *Benwire*, 98 S.W.3d at 623 n. 2. "Any contradictions between a witness's trial testimony and any previous testimony or statements are for the . . . trier of fact to reconcile and consider when judging the witness's credibility." *State v. Helmig*, 924 S.W.2d 562, 565 (Mo.App. 1996). "Missouri courts have recognized that statements of children are inherently more likely to seem contradictory, simply because children are less skilled in articu-

---

**3.** Section 491.075 provides, in pertinent part:
1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
(2)(a) The child testifies at the proceedings. . . .

lation." *State v. Griggs,* 999 S.W.2d 235, 242 (Mo.App.1998). Furthermore, the corroboration rule is not triggered by inconsistencies between the victim's testimony and the testimony of other witnesses. *State v. Davis,* 903 S.W.2d 930, 934 (Mo. App.1995).

Defendant argues that Victim's inconsistent statements regarding the manner of the "touching," how she knew Defendant's name, whether she was awake when the touching occurred, and whether she said anything when the touching occurred are so inconsistent as to trigger application of the corroboration rule.

A review of the transcript reveals no inconsistencies in Victim's trial testimony, and Defendant fails to direct this court to any such inconsistencies. Those inconsistencies set forth by Defendant occur only between Victim's trial testimony and her out-of-court statements or the testimony of other witnesses. Accordingly, we cannot conclude the claimed inconsistencies require application of the corroboration rule because the corroboration rule applies only to inconsistencies in the victim's trial testimony and not to inconsistencies with the victim's out-of-court statements or the testimony of other witnesses. *State v. Gatewood,* 965 S.W.2d 852, 857 (Mo.App.1998). Here, discrepancies between Victim's trial testimony and her prior statements or the

testimony of other witnesses were matters for cross-examination—which Defendant did not avail himself of—and closing argument. Point denied.

■■■ In Defendant's second point on appeal, he essentially maintains his state and federal due process rights were violated when the same prior conviction was used both to enhance his term of imprisonment and to take the assessment of his punishment from the jury.

■■■ As previously set out, the record shows that based on Defendant's prior conviction, the charge of child molestation in the first degree was raised from a class B felony to a class A felony. § 566.067.2.[4] Because Defendant was found to be a prior offender, the trial court elected to sentence Defendant rather than permit the jury to do so. § 558.016.[5] Defendant now argues that using a single, prior conviction for this dual purpose is a violation of his due process rights, and therefore, his conviction must be reversed and the cause remanded for a new trial.[6]

Defendant does not contest the existence of a prior conviction under chapter 566. Despite occasional statements to the contrary, it appears from Defendant's brief that Defendant concedes his present conviction for child molestation in the first degree was appropriately enhanced from a

---

**4.** Section 566.067.2 provides, in pertinent part: "[c]hild molestation in the first degree is a class B felony unless the actor has previously been convicted of an offense under this chapter . . . in which case the crime is a class A felony."

**5.** Section 558.016 provides, in pertinent part:
1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender. . . .

2. A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

**6.** Defendant also sets forth in the argument portion of his brief that he was not given appropriate notice that the conviction would be used for this dual purpose. "[W]e consider all arguments encompassed by each point relied on, but we do not consider arguments and issues raised in the argument portion of the brief which are not encompassed by the points relied on." *Helmig v. State,* 42 S.W.3d 658, 666 (Mo.App.2001). Thus, we decline to review that portion of Defendant's argument.

class B felony to a class A felony pursuant to section 566.067.2.

Defendant relies on *State v. Dowdy*, 774 S.W.2d 504 (Mo.App.1989), in support of his contention that his due process rights were violated when the same prior conviction was used to enhance his term of imprisonment and take the assessment of punishment from the jury. In *Dowdy*, the same prior conviction used to make the charge a felony was also used to establish that the defendant was a persistent offender. *Dowdy*, 774 S.W.2d at 505. The *Dowdy* court relied on the statutory construction rationale regarding a general statute versus specific statute. *Id.* at 509. In so addressing the question, the *Dowdy* court held that the prior offenses used to enhance the offense to felony status could not also be used to punish the defendant as a persistent offender. *Id.* at 510.

However, in an analogous case, the Supreme Court of Missouri disavowed the statutory construction rationale of *Dowdy*. *State v. Ewanchen*, 799 S.W.2d 607, 609–10 (Mo. banc 1990). The *Ewanchen* court, in addressing the plain language of the statutes involved, found "the plain language of the statutes permits application of both [enhancement provisions]. The language is broad and inclusive. Neither statute prohibits application of the other." *Id.* at 609; *see also Self v. State*, 14 S.W.3d 223, 226 (Mo.App.2000).

Similarly, section 566.067.2 permits the court to use Defendant's prior conviction under Chapter 566 to enhance the felony of child molestation in the first degree from a class B felony to a class A felony. Likewise, section 558.016 permits the court to sentence a person to a term of imprisonment authorized by a statute governing the offense if the court finds the defendant is a prior offender. Neither statute prohibits the application of the other. *See Ewanchen*, 799 S.W.2d at 609; *Self*, 14

S.W.3d at 226. Defendant's point is denied.

The judgment of the court is affirmed.

PREWITTT, J. and GARRISON, J., concur.