**STATE of Missouri, Plaintiff–Respondent,**

v.

**Brian GREEN, Defendant–Appellant.**

**No. SD 29706.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 2010.

Rosalynn Koch, Columbia, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Brian Green ("Appellant") appeals his conviction of statutory sodomy in the first degree, a violation of section 566.062, RSMo Cum.Supp.2006; he was acquitted at the jury trial of statutory rape in the first degree. He claims trial court error in three respects. First, Appellant claims that the jury saw him in handcuffs as he was being brought into the trial, which deprived him of the presumption of innocence. Second, Appellant claims that the admission of testimony from two witnesses about the victim's statements of the offense constituted error because the victim's statements "lacked sufficient indicia of reliability" to be admissible under section 491.075, RSMo Cum.Supp.2004. Finally, Appellant claims plain error when the State "lowered the standard of proof" by informing the jury of examples of reasonable doubt. We find no error and affirm the judgment.

## Facts

The pertinent facts, in the light most favorable to the judgment,[1] consist of the following. The victim was thirteen years old at the time of the offense. She testified that she was babysitting in Appellant's sister's home with a couple of her friends. At some point, the victim was talking to her friend in one of the bedrooms; the friend left and told the victim to stay there because she would be back to talk with her some more. Instead, Appellant came in,

---

1. "Upon review of a challenge to the sufficiency of the evidence, the evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the verdict, and all evidence and inferences contrary to the verdict is disregarded." *State v. Fears,* 217 S.W.3d 323, 327 (Mo.App. S.D.2007).

shut the door behind him, and locked the door. Appellant began to touch the victim on the upper part of her legs and started removing her clothes. He removed her panties and took off his own clothes. He began to touch the victim's vagina with his hand and put his finger in her vagina. Appellant then put his penis inside her vagina. When Appellant's sister started beating on the bedroom door to get in, Appellant told the victim to put her clothes on and act like nothing had happened. According to Appellant, he was alone in a room where the thirteen-year-old victim had been visiting with one of her friends. In his third statement to the police, Appellant claimed that the victim initiated the sexual contact and admitted "[the victim] rubbed my chest and my penis, and I touched her vagina ... through her pants."

## Point I

■ Appellant claims, and it was not denied at the trial, that he was brought into the courtroom in handcuffs prior to voir dire. Apparently, the trial judge did not realize Appellant was handcuffed until he actually sat down in the courtroom because he was wearing a sweater with long sleeves and carrying papers in his hands. Appellant asked for a mistrial, but the trial court denied the motion. The trial court indicated that between the sweater and papers in Appellant's hands the handcuffs were not noticeable even though Appellant did have to walk past where jurors were being assembled.

■ Appellant cites to *Deck v. Missouri*, 544 U.S. 622, 635, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), for the proposition that prejudice was presumed and the State had the burden to prove beyond a reasonable doubt that the incident did not con-

tribute to the guilty verdict. The fallacy in Appellant's argument is, first, that there was no evidence that a juror actually saw him in handcuffs. To implicate the concerns set forth in *Deck*, there must be evidence that a juror actually saw a defendant in handcuffs. *State v. Snowden*, 285 S.W.3d 810, 815 (Mo.App. S.D.2009). *Deck* is not directly implicated if the jury is briefly and inadvertently exposed to a defendant in handcuffs. *State v. Taylor*, 298 S.W.3d 482, 512 (Mo. banc 2009).

■ Here, Appellant may have been seen by potential jurors prior to voir dire, but nothing indicates such observation included his handcuffs. Even the trial court did not notice that Appellant was handcuffed because of his sweater and papers. Nevertheless, even if a juror caught a glance of Appellant's handcuffs, a juror briefly seeing a defendant in handcuffs during the transportation process does not automatically deprive him of a fair trial and does not support a claim for a mistrial. *State v. Smith*, 996 S.W.2d 518, 523 (Mo. App. W.D.1999). We cannot say that the court's denial of a mistrial in light of all the circumstances of this case was an abuse of discretion. Point I is denied.

## Point II

■ Appellant claims in his second point that the trial court erred in admitting testimony from the victim's mother and a juvenile officer as to the victim's statements regarding the offense. Appellant objected to the testimony of the victim's mother but did not object to the testimony of the juvenile officer. A claimed error that was not timely objected to at trial has not been preserved. *State v. Haslett*, 283 S.W.3d 769, 779 (Mo.App. S.D.2009).[2] Furthermore, Appellant did

**2.** Appellant claims that he objected to the testimony of the victim's mother and the trial

court overruled his objection; therefore, any further objections would have been futile and

not claim error in the admission of the juvenile officer's testimony in a motion for new trial. The claimed error must be included in the motion for new trial. *Id.*

██ Additionally, the theory raised on appeal must be the same theory raised to the trial court. *State v. Johnson,* 207 S.W.3d 24, 43 (Mo. banc 2006). The claim of error to the trial court as to the testimony of the victim's mother was that the testimony was hearsay and improper bolstering. Unpreserved issues can only be reviewed for plain error. *Id.* Appellant claims that the hearsay objection encompasses a complaint about the lack of sufficient reliability under section 491.075, RSMo Cum.Supp.2004, and, thus, it was preserved error. We disagree. In this case, the hearsay objection does not preserve the error of insufficient indicia of reliability because the State filed a motion giving notice of its intent to use what would otherwise be hearsay statements by using the exception under section 491.075, RSMo Cum.Supp.2004. Appellant had an obligation at that time to argue their inadmissibility under that statute.

██ Plain error review is appropriate only when the record discloses a facial basis for concluding that "evident, obvious and clear error" has occurred. *State v. Garrison,* 276 S.W.3d 372, 374–75 (Mo. App. S.D.2009). If we determine after a facial review that plain error may have occurred, we review it to determine if, as a result of that error, Appellant suffered a manifest injustice. *Id.* We find no mani-

fest injustice and, as to the testimony of the juvenile officer and the victim's mother, we decline plain error review.

An exhibit was admitted at trial without objection which consisted of the written version of the victim's statement to the juvenile officer. The testimony given by the victim's mother and the juvenile officer were consistent with that written statement. Appellant cannot claim any injustice to him when the jury was given the same testimony in the written statement.[3]

We further note that the victim was questioned during cross-examination by Appellant about a supposedly inconsistent prior statement regarding whether Appellant had penetrated her with his fingers and his penis. The prior consistent-to-her-trial statements were admissible to demonstrate that her trial testimony was not a recent fabrication.

Finally, we point out that the jury acquitted Appellant of statutory rape in the first degree. Appellant admitted in his third statement to police that he had sexual contact with the victim. The jury seemed able to accept some testimony and disregard other when it decided that the State had not proven beyond a reasonable doubt that statutory rape had occurred. Point II is denied.

## Point III

██ Appellant claims in his third point that the trial court plainly erred in not sua sponte intervening in the State's voir dire or closing argument when the State of-

unnecessary. Appellant cites to *State v. Baker,* 103 S.W.3d 711, 716–17 (Mo. banc 2003), for the proposition that it was not necessary to make additional objections because the trial court was aware of the issues presented and the matter was not unpreserved. Appellant is mistaken. In *Baker,* the defendant asked for, and received, permission to have a continuing objection. Appellant did not request such an objection in this case.

3. Appellant argues in his reply brief that he did object to "admitting testimony from [the victim's mother] and [the juvenile officer] as to [the victim's] statements about the offense ...," which would have included this statement; however, Appellant did not object to the exhibit at trial or in the motion for new trial. In his point relied on, Appellant did not address the admission of the exhibit. For these reasons, we deem the exhibit as admitted without objection.

fered examples of situations using reasonable doubt. In voir dire, the State introduced the concept of reasonable doubt in the following ways:

[State's counsel]: You have had occasion to drive Highway 84 between Caruthersville and Hayti, right?

[Venireperson]: Yes, sir.

[State's counsel]: And, when you do that, that's a two-lane road; is that right?

[Venireperson]: Yes, sir.

[State's counsel]: And, when you do that, do you normally meet other cars coming the other way?

[Venireperson]: Yes, sir.

[State's counsel]: And, when you meet a car coming the other way, do you immediately whip your wheel to the right and go off in the ditch?

[Venireperson]: No, sir.

[State's counsel]: Do you slam on your brakes and try to find a turn row to squeeze into?

[Venireperson]: No, sir.

[State's counsel]: Would you agree with me that the reason you don't do that is because you believe beyond a reasonable doubt that this car you're meeting is not going to swerve over into your lane and hit you head on and kill you?

[Venireperson]: That's right, yes, sir.

[State's counsel]: It might, but, if you believed beyond a reasonable doubt that it would, you would hit the ditch, wouldn't you?

[Venireperson]: Yes, sir.

[State's counsel]: Okay. Most folks probably have a bank account. And, if you do, I'm sure you've gone to the bank, and, brought some cash to deposit in the bank. Brought in 50 bucks or a hundred bucks to put in your account. Now, when you go in there, do all of you agree the teller might steal your money? But you give them the money anyway, because, you believe, beyond a reasonable doubt, they're not gonna steal your money. Anybody disagree with that? Why have I said all of that, so that you'll know, and would all of you agree with me, and would anyone disagree that you use proof beyond a reasonable doubt everyday of your lives in things you do?

Appellant is essentially arguing that these examples, which were again used in closing argument, allowed the State to suggest to the jury that they could use their hunches and beliefs about future conduct as a "paradigm for considering the existence of reasonable doubt" and, as such, misstated the law regarding reasonable doubt. The State admits it is impermissible for a party in voir dire or closing argument to redefine the law, but states that these hypotheticals were not an impermissible redefinition of the law; the State contends they did not cross the line into an improper-redefinition of reasonable doubt. While, in a post-trial analysis of the questions posed by the State during voir dire and argued in closing argument, we agree with Appellant that these examples are not appropriate hypotheticals regarding reasonable doubt, under the facts of this case, we find no manifest injustice to Appellant and deny Point III.

 The instructions given to the jury required each juror to be firmly convinced of Appellant's guilt before that jury could act on that conclusion and find Appellant guilty. Generally, when the jury is provided with the correct trial court instructions giving the definition of reasonable doubt it cures any harm from an erroneous statement of reasonable doubt by the prosecutor. *See State v. Edwards,* 116 S.W.3d 511, 537–38 (Mo. banc 2003) (holding that no manifest injustice resulted although the prosecutor did misstate the law at one point because the correct standard of proof

was restated multiple other times during voir dire and in argument, and the jury was properly instructed); *State v. Williams*, 97 S.W.3d 462, 471 (Mo. banc 2003) ("Taken together, the [S]tate's explanation of the purpose of the analogy and the instructions given to the venire and the jury before deliberations corrected any misunderstanding by the jury of the process for deciding on the death penalty."); and *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995) ("Any imprecision in the prosecutor's reasonable-doubt voir dire was cured by the jury instructions, which properly discussed reasonable doubt."). Again, we note the jury appeared to carefully consider the evidence with a proper burden of proof when it returned a verdict of not guilty on the charge of statutory rape but guilty on the charge of statutory sodomy. Finally, as we have noted, Appellant admitted to sexual contact.

The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.