**STATE of Missouri, Respondent,**

v.

**Joseph W. MORT, Appellant.**

**No. SD 30147.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 2010.

Daniel A. Juengel and Julie L. Brothers, Clayton, for Appellant.

Chris Koster, Attorney General and Daniel N. McPherson, Assistant Attorney General, Jefferson City, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Joseph Mort ("Appellant") was convicted by a jury on two counts of first degree statutory sodomy in violation of section 566.062 [1]. Appellant was sentenced to consecutive terms of life imprisonment. This appeal followed. We affirm the trial court's judgment.

**Factual and Procedural History**

Appellant was charged by information with two counts of first degree statutory sodomy.[2] Appellant was the victim's stepfather at the time charges were filed and began abusing her when she was nine years old.

We review the facts in the light most favorable to the verdict and recite them with that standard in mind. *See State v. McDonald,* 321 S.W.3d 313, 315–16 (Mo. App. S.D.2010).

Appellant, the victim, the victim's mother, and Appellant's two children, lived at Appellant's home in Webb City. The victim's mother moved out and left the victim behind with Appellant. After a few months, the victim moved out of Appellant's house and began living with her mother. She would sometimes stay with Appellant on the weekends. Appellant came into the victim's room at night and licked her vagina during those weekend visits. He abused the victim at least one time during every weekend visit. On one occasion, the victim's best friend was spending the night, and the two girls were playing in the computer room of the house. Appellant and a friend of his, Chad Elliott ("Elliott"), came into the room and made both girls lift up their nightgowns and pull down their shorts.[3] Appellant touched the

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated. All rule references are to Missouri Court Rules (2010).

2. Each count alleged that Appellant "had deviate sexual intercourse with [the victim], who was less than twelve years old." Count I alleged that it occurred "on or about June,

2005" and Count II "on or about April, 2006."

3. Elliott pled guilty to three counts of second degree statutory sodomy in violation of section 566.064. He was sentenced to seven years' imprisonment for each count to be

victim's vagina with his hand and inserted his finger into her vagina.

On May 2, 2006, forensic interviewer Jeannie Stewart ("Ms. Stewart"), interviewed the victim. Dr. Fredric Wheeler ("Dr. Wheeler") then performed a SAFE exam at the Children's Center of Southwest Missouri. The Children's Center is a not-for-profit child advocacy center that is a distinct agency from the Missouri Children's Division.[4] The victim told Ms. Stewart and Dr. Wheeler that Appellant had licked her vagina. The victim did not disclose any other sexual abuse at that time.

On September 29, 2006, the victim underwent a second forensic interview at the Children's Center where she further disclosed Appellant had inserted his finger into her vagina. Both forensic interviews were videotaped. The victim again described the incident in the computer room. In the second interview, the victim said Appellant touched her vagina with his hand and inserted his finger into her vagina.

On July 1, 2008, a two-count information was filed by the State against Appellant.

On July 22, 2008, Appellant filed a motion for a bill of particulars. On August 6, 2008, the State filed a bill of particulars.[5]

On August 6, 2009, Appellant filed a "Motion in Limine to Exclude Admission of Testimony of Dr. Fredric Wheeler" alleging his finding of sexual abuse was prejudicial and irrelevant because Dr. Wheeler could not identify the perpetrator. On August 7, 2009, Appellant and the State filed a stipulation, pursuant to section 491.075, agreeing to the admission of the videotaped statements of the victim into evidence as long as the victim also testified at trial.

At a pre-trial hearing on August 28, 2009, defense counsel argued that Dr. Wheeler's testimony concerning the victim's attenuated hymen was prejudicial and lacking in probative value since it was not indicative of the mouth-to-genital-contact charge included in the bill of particulars. The prosecutor responded that defense counsel had received the victim's interviews where the victim also alleged Appellant placed his finger in her vagina. The trial court noted the charges had not been changed and the probable cause statement, which was incorporated into the original complaint, included the victim's statement that Appellant inserted his finger into her vagina. The trial court overruled Appellant's motion in limine. Appellant's counsel then renewed the request for a bill of particulars stating specifics regarding the digital penetration. The same day the State filed a second bill of particulars.[6]

Appellant's counsel also made an oral motion to exclude any photographs of the victim's hymen taken during the SAFE exam performed by Dr. Wheeler. He ar-

served concurrently. He sexually abused the victim in this case, the victim's friend, and the friend's sister.

**4.** The Missouri Children's Division was formerly known as the "Division of Family Services."

**5.** It stated in part: "The conduct of the Defendant constituting 'deviate sexual intercourse' as charged by the State includes the Defendant placing his mouth on the vagina of the victim, and doing so for the purpose of arous-

ing or gratifying his own sexual desire or the sexual desire of the victim."

**6.** The second bill of particulars stated: "The conduct of the Defendant constituting 'deviate sexual intercourse' as charged by the State includes the Defendant placing his tongue on the vagina of the victim and placing his finger inside the victim's vagina, and doing so for the purpose of arousing or gratifying his own sexual desire or the sexual desire of the victim."

gued that the photographs "freaked [him] out" and did not establish that Appellant was responsible for the damage to the victim's hymen. The trial court overruled the motion finding the probative value of the photographs outweighed any prejudicial effect.

Also at the pre-trial conference, the prosecutor expressed doubt regarding the ability of the defense to call a potential witness, Shawn Boyd ("Ms. Boyd") because she had not been disclosed as an expert witness. Defense counsel noted that Ms. Boyd was the area director for the Missouri Children's Division and she would testify to the policies and procedures followed in the present case. The trial court deferred its decision until the State had an opportunity to conduct a voir dire examination of the witness.

During trial, the victim testified that when her mother moved out of the home, she continued to live with Appellant for a few months. During that time, he touched and licked her vagina. She also testified that after she began living with her mother again, during weekend visits to Appellant's house he touched and licked her vagina at least one day of every weekend. She testified that on one occasion when her best friend was spending the night with her at Appellant's residence, Appellant and his friend, Elliott, came in the computer room and Appellant touched her in the private area with his fingers. The victim's testimony was presented without objection.

When Dr. Wheeler was called to testify, the defense made no objection regarding his testimony. During Dr. Wheeler's trial testimony, the prosecutor offered Exhibit 6, a close-up photograph of the victim's attenuated hymen. Defense counsel objected that the photograph was not probative, was offensive, and highly prejudicial. This was the only objection by defense counsel during Dr. Wheeler's direct exami-

nation. Dr. Wheeler testified he did not know if the jury needed to see the photograph, but he thought it would "help[ ] explain some of what's going on." The trial court overruled the objection. Dr. Wheeler pointed out the anatomy of the vagina and used the picture to show his findings from the SAFE exam. He explained that the victim had an attenuated hymen and this condition in a girl of the victim's age meant there had been some sort of penetration.

The State also played, without objection, the two videotaped interviews from the Children's Center where the victim reported that Appellant placed his finger into her vagina and licked her vagina. Ms. Stewart, the forensic interviewer also testified at trial. The State did not present any evidence relating to the investigations conducted by the Missouri Children's Division.

After the State rested its case, but before the defense called any witnesses, the prosecutor conducted a voir dire examination of Ms. Boyd outside the jury's presence. Ms. Boyd testified she conducted a review in September, 2006, of an investigation conducted by two Children's Division employees regarding allegations that Elliott abused the victim's friend, mentioned in the Children's Center interview, and the friend's sister. During this review, she was not evaluating whether Ms. Stewart did anything inappropriate while conducting the interviews with the victim at the Children's Center. Ms. Boyd was unable to say there was anything improper about the victim being interviewed a second time at the Children's Center except she noted a second interview can sometimes give the impression of possible coaching. Specifically, she pointed to a comment allegedly made by a sheriff to the victim's mother after the first interview, stating that there was not enough evidence to go forward with the charges as an indication of possi-

ble coaching between interviews. She testified she had some training in conducting forensic interviews, and that she did not have any actual evidence that someone actually coached the victim. The trial court sustained the State's motion to exclude Ms. Boyd's testimony because she had not been endorsed as an expert witness and her testimony was irrelevant since there were no issues in the case regarding proper Children's Division protocol. Defense counsel then made an offer of proof by questioning Ms. Boyd under oath. Following Ms. Boyd's testimony, the prosecutor renewed her objection to the testimony and it was sustained by the trial court. The defense did not put on any evidence.

The State submitted instructions to the jury on Count I, alleging Appellant knowingly touched the victim's vagina with his fingers, and Count II, alleging Appellant knowingly placed his tongue on the victim's vagina. The defense made no objection to the jury instructions. The jury found Appellant guilty on both counts and recommended a sentence of life imprisonment on each count. The trial court ordered a Sentencing Assessment Report ("SAR") and investigation by the Missouri Department of Corrections Board of Probation and Parole.

During the sentencing proceedings on October 16, 2009, the trial court explained it had reviewed the SAR recommending a presumptive sentence of ten years in prison and an aggravating sentence of fifteen years. The trial court also found that the jury's assessment was within the statutory range of punishment and not excessive, and imposed a life sentence on each count. The trial court then ordered that the sentences be served consecutively. This appeal followed.

Appellant contends the trial court erred by: (1) denying Appellant's "Motion in Limine to Exclude Admission of Testimony of Dr. Fredric Wheeler" because Appellant was not apprised of the hand-to-genital-contact charge in the bill of particulars; (2) overruling Appellant's motion for judgment of acquittal in that insufficient evidence supported the jury's verdict because the victim's testimony was contradictory and uncorroborated; (3) admitting the photograph showing the damage to the victim's hymen because the prejudicial effect outweighed its probative value; (4) excluding the testimony of Shawn Boyd because her testimony was relevant; and (5) sentencing Appellant to consecutive life sentences in that the punishment was unreasonable for his convictions and disproportionate compared with Elliott.

The State contends the trial court did not err because: (1) Appellant did not preserve any objection to Dr. Wheeler's testimony because there was no objection to that testimony; (2) the victim's testimony was not contradictory and sufficiently supported the jury's verdict; (3) the photograph was relevant and admissible because it showed the nature of the injury suffered by the victim and helped the jury understand the medical testimony; (4) the proposed witness, Shawn Boyd, had not been endorsed as an expert and her proposed testimony was irrelevant and impermissible opinion testimony; and (5) the sentences imposed were within the statutory range of punishment, and the effect of sentences being served consecutively does not constitute an abuse of discretion. The issues presented for determination are:

1. Did Appellant preserve any objection to Dr. Wheeler's testimony?

2. Was the victim's trial testimony inconsistent and contradictory to require invocation of the corroboration rule?

3. Did the photograph corroborate the victim's testimony, assist the jury in

understanding testimony, or aid in proving elements of the State's case?

4. Was Shawn Boyd's testimony regarding the state agency's protocol relevant?

5. Are two consecutive life sentences excessive punishment for the Appellant's crimes?

### Point I: Admission of Dr. Wheeler's Testimony

Appellant contends the trial court erred in "denying the Appellant's motion to exclude the testimony of Dr. Wheeler" as the State should not have been allowed to present evidence of hand-to-genital contact.[7] The State contends the point is not preserved because Appellant's counsel did not object to Dr. Wheeler's testimony at trial. The issue here is whether any objection to Dr. Wheeler's testimony was preserved.

### Standard of Review

 A point relied on which is premised on the denial of a motion in limine presents nothing for appellate review because a motion in limine ruling is interlocutory in nature and cannot, therefore, by itself, be reversible error. *State v. Wright*, 934 S.W.2d 575, 581 (Mo.App. S.D.1996). "A claimed error that was not timely objected to at trial has not been preserved." *State v. Green*, 307 S.W.3d 197, 200 (Mo.

App. S.D.2010). When Dr. Wheeler testified, Appellant's counsel did not renew the objection made in the motion in limine. Thus, Appellant's claim is not preserved and the issue Appellant attempts to raise can only be reviewed for plain error. *See Wright*, 934 S.W.2d at 581. "Plain error review is appropriate only when the record discloses a facial basis for concluding that 'evident, obvious and clear error' has occurred." *Green*, 307 S.W.3d at 201 (quoting *State v. Garrison*, 276 S.W.3d 372, 374–75 (Mo.App. S.D.2009)). If we determine after a facial review that plain error may have occurred, we review it to determine if, as a result of that error, Appellant suffered a manifest injustice. *Id.*

### Analysis

 Evidence must be relevant to be admissible. *State v. Weaver*, 912 S.W.2d 499, 510 (Mo. banc 1995). "Evidence is logically relevant if it tends to make any fact at issue more or less probable or tends to corroborate other relevant evidence." *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007). "Legal relevance is a determination of the balance between the probative and prejudicial effect of the evidence." *Id.* "Moreover, even erroneously admitted evidence is not prejudicial if similar evidence was properly admitted or came into the case without objection."

7. Appellant seems to argue he was not fully apprised of the charges against him. His point relied on recites:

The trial court erred in denying the [Appellant's] motion to exclude the testimony of Dr. Wheeler, allowing the prosecution to present evidence of hand-to-genital contact because the bill of particulars did not include that conduct and the trial court's reliance on the probable cause affidavit to the complaint was not proper to apprise a [Appellant] of the charges against him and robbed him of his rights to due process and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United

States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Appellant condemns the trial court for not holding the State to the bill of particulars, although no objection was voiced at trial. His argument claims the bill of particulars was insufficient, which is wholly apart from any objections concerning the admissibility of Dr. Wheeler's trial testimony. However, the second bill of particulars includes the allegation of hand-to-genital contact and Appellant stipulated to the admission of the videotaped interviews into evidence. The interviews contained evidence to support all the allegations.

*State v. McFarland,* 259 S.W.3d 621, 625 (Mo.App. S.D.2008).

▉ Dr. Wheeler's testimony was clearly relevant to the charges. His testimony that the victim had physical signs consistent with vaginal penetration was directly relevant to the hand-to-genital charge as it tends to corroborate the victim's testimony that Appellant touched her vagina. Appellant never objected to the description of hand-to-genital contact in the victim's trial testimony or her out-of-court statements. He also did not object to the submission of jury instructions referring to hand-to-genital contact. Appellant even concedes in his brief that Dr. Wheeler's testimony was "relevant and probative as to whether or not [the victim] had been vaginally penetrated by something or someone."

Additionally, Dr. Wheeler's testimony was similar to other properly admitted evidence. Again, before Dr. Wheeler took the stand, the victim testified without objection that Appellant touched her vagina with his fingers. Appellant also stipulated to the admission of the September 29, 2006 interview where the victim accused Appellant of inserting his finger in her vagina.

Objections to Dr. Wheeler's testimony were not preserved and there was no "evident, obvious and clear error" in admitting Dr. Wheeler's testimony. It was relevant to the charge of hand-to-genital contact. Point I is denied.

### Point II: Sufficient Evidence Supported the Jury's Verdict[8]

Appellant contends the trial court erred in failing to grant his motion for judgment of acquittal because the State failed to present a submissible case in that the testimony of the victim was contradictory and required corroboration. The State argues the victim's testimony was not contradictory and sufficiently supported the jury's verdict. Here, the issue is whether the victim's testimony was inconsistent and contradictory requiring application of the corroboration rule.

### Standard of Review

▉ "We review the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case." *State v. Davis,* 219 S.W.3d 863, 866 (Mo.App. S.D.2007). " 'Our standard of review is whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.' " *Id.* (quoting *State v. Wright,* 998 S.W.2d 78, 81 (Mo.App. W.D.1999)). In applying this standard, the court "must examine the elements of the crime and consider each in turn; reviewing the evidence in the light most favorable to the judgment; disregarding any contrary evidence; and granting the State all reasonable inferences from the evidence." *Id.* "We defer to the superior position of the jury to assess the credibility of witnesses and the weight and value of their testimony." *Id.*

### Analysis

▉ In sexual offense cases, the victim's uncorroborated testimony alone is generally sufficient to sustain a conviction. *State v. Paxton,* 140 S.W.3d 226, 229 (Mo.App. S.D.2004). However, the "corroboration rule" is an exception that comes into play in the particular context of sexual offense cases. *Id.* at 230. " 'Corroboration is mandated only when the victim's

---

8. We address Appellant's point challenging sufficiency of the evidence here because it is presented as the second point relied on in his brief. Appellant's third point challenging the admission into evidence of a photograph is taken up after we discuss sufficiency of the evidence simply because it is presented by Appellant in that manner.

testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is rendered doubtful such that corroboration of the victim's testimony is required to sustain the conviction.'" *Id.* (quoting *State v. Baker,* 23 S.W.3d 702, 709 (Mo.App. E.D.2000)).

Importantly, the "corroboration rule applies only to inconsistencies within the victim's *trial* testimony and does not apply to conflicts between the victim's trial testimony and the victim's out-of-court statements." *Paxton,* 140 S.W.3d at 230. Contradictions between trial testimony and any previous testimony or statements are for the trier of fact to reconcile and to consider when judging the witness's credibility. *Id.* " 'Missouri courts have recognized that statements of children are inherently more likely to seem contradictory, simply because children are less skilled in articulation.'" *Id.* at 230–31 (quoting *State v. Griggs,* 999 S.W.2d 235, 242 (Mo.App. W.D.1998)).

"[A] child victim's out-of-court statements possess unique strengths and weaknesses and are distinct evidence from the child's trial testimony." *State v. Bunch,* 289 S.W.3d 701, 706 (Mo.App. S.D. 2009); *see also State v. Parker,* 208 S.W.3d 331, 339 (Mo.App. S.D.2006) (finding videotaped interviews admitted into evidence are quasi-depositions and are distinct from a victim's trial testimony).

Without citing any legal authority, Appellant contends the victim's videotaped statements "became in-court testimony when presented to the jury as substantive evidence." This proposition is contrary to established law. *See Paxton,* 140 S.W.3d at 230–31. Appellant fails to direct this court to any inconsistencies within the victim's trial testimony, and a review of the transcript does not reveal any inconsistencies of concern within the victim's trial testimony. Appellant only suggests inconsistencies between the victim's trial testimony and her out-of-court statements contained in the video. Accordingly, the corroboration rule is not triggered and any suggested discrepancies between the victim's trial testimony and her prior statements were matters for the trier of fact to reconcile and consider when judging the witness's credibility. *Id.* at 230.

Here, sufficient evidence supported Appellant's conviction. In the victim's Children's Center interviews, she reported Appellant inserted his finger into her vagina and licked her vagina. These were admitted pursuant to section 491.075 and played for the jury. During trial, the victim testified that Appellant touched and licked her vagina while she was living in his house and that he also licked and touched her vagina at least one day of every weekend visit to his house after she began living with her mother. Even though the victim's trial testimony was less detailed than her statements in the videotaped interview, her trial testimony that Appellant touched her vagina with his hand was alone sufficient to prove Count I.[9] Furthermore, during her trial testimony, the victim never recanted the allegation of digital penetration that she made in the Children's Center interview. Either the victim's trial testimony or her statements in the videotaped interviews constituted sufficient evidence for a submissible case. *See State v. Benwire,* 98 S.W.3d 618, 624 (Mo. App. W.D.2003) (holding out-of-court statements admitted under the provisions of section 491.075 are considered substantive

---

**9.** All allegations of inconsistencies cited by Appellant concern the charge of hand-to-genital contact (Count I).

evidence of the truth of the matter asserted and any reasonable inferences that may be drawn from those statements, "may alone constitute substantial evidence of an element of the offense charged.").

The victim's trial testimony was not inconsistent and contradictory to require application of the corroboration rule. Thus, viewing the evidence in the light most favorable to the judgment, we find there was sufficient evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt. Point II is denied.

### Point III: Admission of Photograph

 Appellant contends the trial court erred in admitting Exhibit 6 (a photograph of the victim's vagina taken during the SAFE examination) because the prejudicial effect outweighed its probative value.[10] The State argues the photograph was relevant and admissible because it showed the nature of the injury suffered by the victim, helped the jury understand the medical testimony about the injury, and why that injury supported a finding of sexual abuse. The issue here is whether the photograph was relevant to the State's case to corroborate the victim's testimony, help the jury understand the medical testimony, or aid in establishing an element of the crime.

### Standard of Review

 "A trial court has broad discretion in the admission of photographs, and its decision will not be overturned absent an abuse of discretion." *State v. Johnson,*

244 S.W.3d 144, 161 (Mo. banc 2008). " '[T]hat discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration.' " *State v. Forrest,* 183 S.W.3d 218, 223 (Mo. banc 2006) (quoting *State v. Gonzales,* 153 S.W.3d 311, 312 (Mo. banc 2005)). Additionally, reversal is appropriate "only if the error was so prejudicial that it deprived the defendant of a fair trial." *Id.* at 223–224 (footnote omitted). "Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial." *Id.* at 244.

### Analysis

 "A photograph is generally considered superior to words as a means of description; thus, a photograph cannot be rendered inadmissible merely because other evidence communicates the contents of the photograph." *State v. Snowden,* 285 S.W.3d 810, 816 (Mo.App. S.D.2009). "Additionally, even if a photograph is inflammatory, it should not be excluded if it is relevant." *Johnson,* 244 S.W.3d at 161. An inflammatory photograph would be one tending to arouse anger, hostility or passion. Generally, if a photograph is shocking or gruesome, it is because the crime itself was shocking or gruesome. *State v. Hawkins,* 58 S.W.3d 12, 24 (Mo.App. E.D. 2001); *Johnson,* 244 S.W.3d at 161. Generally, even inflammatory photographs are admissible if they: (1) show the nature and location of wounds; (2) enable jurors to

---

10. Appellant's third point does not include any page references to the legal transcript or file; thus, it fails to comply with Rule 84.04(i). *Carlson v. Healthcare Services Group, Inc.,* 275 S.W.3d 382, 383 (Mo.App. S.D.2009). A brief that violates Rule 84.04(i) fails to preserve any error for appellate review. *Id.* "Under such circumstances, we do not generally dismiss the appeal unless the briefing deficiencies impede disposition of the case on its merits." *Pattie v. French Quarter Resorts,* 213 S.W.3d 237, 238 (Mo.App. S.D. 2007). Because the State has not objected to this point and we can discern the nature of Appellant's complaints, we choose to exercise our discretion, *ex gratia,* to review Point III on the merits.

better understand the testimony at trial; and (3) aid in establishing an element of the State's case. *See Johnson*, 244 S.W.3d at 161–162. They are also relevant where they corroborate a witness's testimony. *State v. Masden*, 990 S.W.2d 190, 193 (Mo. App. W.D.1999).

 In this case, the photograph of the damage to the victim's hymen was relevant. It corroborated the victim's testimony that Appellant inserted his finger into her vagina and helped establish an element of the case. The photograph also assisted the jury in understanding Dr. Wheeler's testimony about the damage to the hymen and why that damage was consistent with penetration. If this Court assumes the photograph was inflammatory, it was because the nature of the crime was itself inflammatory.[11] *See Johnson*, 244 S.W.3d at 161. The photograph corroborated the victim's testimony, helped the jury understand the medical testimony, and aided in establishing an element of the crime; therefore, it was relevant. There is no showing that the trial court's ruling was clearly against the logic of the circumstances and so unreasonable as to indicate a lack of careful consideration. Point III is denied.

### Point IV: Exclusion of Shawn Boyd's Testimony

Appellant contends the trial court erred in excluding witness Shawn Boyd from testifying in that her testimony was relevant and admissible. The State contends the trial court did not abuse its discretion in that the proposed testimony was irrelevant and impermissible opinion testimony. The issue for determination is whether Ms. Boyd's testimony regarding the protocol followed by investigators for the Children's Division was relevant in view of the evidence adduced from the Children's Center interviews.

### Standard of Review

 "Generally, a trial court's decision to exclude testimony is reviewed for an abuse of discretion, granting substantial deference to the trial court's decision." *Eagan v. Duello*, 173 S.W.3d 341, 349 (Mo. App. W.D.2005). "When reviewing allegations of improperly excluded testimony '[t]he focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence.'" *Id.* (quoting *Jones v. Grant*, 75 S.W.3d 858, 862 (Mo.App. W.D.2002). "This discretion is abused only when the ruling is clearly against the logic of the circumstances, or when it is arbitrary and unreasonable." *State v. Cone*, 3 S.W.3d 833, 844–45 (Mo.App. W.D.1999). "Even if the exclusion of testimony is erroneous, we will not reverse the judgment absent a finding that the error 'materially affected the merits of the action.'" *Duello*, 173 S.W.3d at 349 (quoting *Jones*, 75 S.W.3d at 862; Rule 84.13(b))). "'[A] trial court's ruling on the admissibility of evidence will be upheld if it is sustainable under any theory.'" *State v. McLaughlin*, 272 S.W.3d 506, 509 (Mo.App. E.D.2008) (quoting *State v. Worrel*, 933 S.W.2d 431, 436 (Mo.App. W.D.1996)).

 Expert testimony must be relevant to the case at hand in order to be admitted. *State v. Wright*, 247 S.W.3d 161, 166 (Mo.App. S.D.2008). "The evidence must aid the jury" and "should be excluded if it unnecessarily diverts the attention of the jury from the question to be decided." *State v. Williams*, 858 S.W.2d 796, 798 (Mo.App. E.D.1993).

---

11. The exhibit was filed with this Court and the Court has observed it. It is not inflamma-

tory on its face, and it cannot be concluded that it arouses anger, hostility or passion.

### Analysis

 Here, the trial court did not abuse its discretion in finding Ms. Boyd's testimony irrelevant.[12] Her testimony went to a collateral matter: whether investigators for the Children's Division followed agency protocols in their investigations. In sustaining the State's objection to Ms. Boyd's testimony, the trial court explained "there are no issues in this case about what proper Family Services or Children's Division protocol is in these kinds of cases." The trial court questioned the relevancy of Ms. Boyd's testimony regarding whether another separate agency, the Children's Center, followed the state agency's protocol. In carefully considering the admissibility of this evidence, the trial court distinguished how an expert with qualifications as a psychologist and a forensic interviewer, for example, may provide proper evidence about the protocol to properly interview a child who is alleged to have been a victim of a sex crime. However, any variations in the protocol of the state agency and the Children's Center were not relevant and would unnecessarily divert the attention of the jury.

Ms. Boyd's testimony regarding the state agency's protocol was not relevant to the evidence in the Children's Center interviews. She was not going to provide opinions as to any impropriety of the videotaped interviews. There is no showing the trial court's decision to exclude Ms. Boyd's testimony was clearly against the logic of the circumstances and so unreasonable as to indicate a lack of careful consideration. Point IV is denied.

**12.** Because this Court concludes the trial court did not err in excluding Ms. Boyd's testimony, we need not address the question of whether she was an untimely disclosed expert.

### *Point V: Consecutive Life Sentences*

Appellant contends the trial court erred in sentencing Appellant to consecutive life sentences in that the sentences, tantamount to life without parole, are an unreasonable sentence for his convictions.[13] Appellant does not claim the statutory range of punishment is itself excessive or disproportionate to the crimes for which he is convicted. Instead, he argues the sentences actually imposed were excessive because they were ordered to run consecutively and that it was disparate compared to Elliott, who committed the same type of offense against the victim and received only seven years' imprisonment. Appellant also argues the sentences were retribution for exercising his right to a jury trial. The State contends the trial court did not err because the sentences imposed were within the statutory range of punishment, and the effect of the sentences being served consecutively is within the trial court's discretion. The issue here is whether the trial court's exercise of discretion sentencing Appellant for two terms of life imprisonment, to run consecutively, resulted in unreasonable or excessive punishment.

### Standard of Review

 "A trial court's sentencing decision is reviewed for abuse of discretion." *State v. Palmer,* 193 S.W.3d 854, 857 (Mo. App. S.D.2006). "An abuse of discretion occurs when the trial court's action is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration." *Id.* at 857–58.

**13.** We note Appellant does not challenge the sentences as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution or Article I § 21 of the Missouri Constitution.

## Analysis

■ The trial court retains discretion to order consecutive or concurrent sentences. § 558.026; *Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990); *State v. Burgess*, 800 S.W.2d 743 (Mo. banc 1990). Section 557.036.1 directs courts to "decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the [Appellant] and render judgment accordingly." "Substantial deference is due to the legislature's determination of proper punishment." *State v. Pribble*, 285 S.W.3d 310, 314 (Mo. banc 2009). "When the sentence imposed is within the range prescribed by statute, it cannot be judged excessive, and the consecutive effect of the sentences does not constitute cruel and unusual punishment." *State v. Mubarak*, 163 S.W.3d 624, 631 (Mo.App. S.D.2005).

■ Appellant's punishment is within the statutory range. Statutory sodomy in the first degree where the victim is less than 12 years old authorizes a maximum sentence of life imprisonment and a minimum sentence of ten years. § 566.062(2). Section 558.026 explicitly places the determination of concurrent or consecutive sentencing within the trial court's discretion. Appellant's complaints on severity of punishment should be directed to the legislature as "matching prison terms with particular crimes is, as a general matter, the legislature's province." *Pribble*, 285 S.W.3d at 314.

The nature and the potential social harm of this crime are indeed serious and alarming. Appellant, the step-father at the time of the abuse, was entrusted with the care of his stepdaughter and instead sexually abused her in his home. A sex crime against a minor is considered heinous and detrimental to the long-term physical and mental well-being of the victim. Appellant's brief itself admits sex crimes against minors are heinous. It is apparent that such a serious crime may carry with it a serious penalty without constituting excessive punishment. *See State v. Lachterman*, 812 S.W.2d 759 (Mo.App. E.D.1991), *overruled on other grounds by State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993). In *Lachterman*, the trial court found consecutive sentences of 30 years' imprisonment without probation or parole for two counts of sodomy of a minor boy were not excessive, cruel or unusual, where sentences were within range of punishment prescribed by statute.

■ Appellant further contends the trial court's sentence was in response to Appellant exercising his right to a jury trial since Elliott received a lesser sentence for similar conduct. Appellant overlooks that the very jury he requested recommended life sentences. Again, "Section 557.036.1 provides that a trial court shall decide the extent or duration of defendant's sentence under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant." *State v. Collins*, 290 S.W.3d 736, 746 (Mo.App. E.D.2009). "The trial court has a duty to impose a sentence on a case-by-case basis, and to fashion the punishment to both the crime and the criminal." *Id.* "We assume the trial court's experience and expertise enables the trial court to consider appropriate sentencing factors and to disregard improper matters." *Id.* "Trial courts have broad discretion in their sentencing function." *Id.*

Here, we find no indication the trial court's sentence punishes Appellant solely for proceeding to trial. Rather, the trial court explained it received and reviewed the SAR and after listening to both parties' contentions, found neither sentence to be excessive. Before ordering the sen-

tences to run consecutively, the trial court noted its discretion to determine whether the sentences imposed are to run consecutively or concurrently. Appellant does not refer us to any part of the record indicating an effort by the trial court to impose retribution against Appellant for proceeding to trial. We find the trial court considered appropriate sentencing factors. Furthermore, Appellant's argument that his crimes are to be compared to Elliott as a component in rendering his sentence is unsupported because the law is clear that the imposition of a sentence is to be determined on a case-by-case basis. *See Collins*, 290 S.W.3d at 746.

We were not present during trial or sentencing. Appellant is asking this Court to substitute its judgment for that of the trial court, which was present to observe and preside over these phases of trial. This we cannot, and will not, do. *See State v. Taylor*, 746 S.W.2d 102, 105 (Mo.App. W.D.1988) (noting the appellate court is not to substitute its judgment for that of the trial court in considering the appropriateness of a particular sentence).

In light of the seriousness of these crimes, we cannot say the punishment imposed is excessive for the crimes. The trial court did not abuse its discretion. There is no showing the trial court's decision was against the logic of the circumstances and was so unreasonable as to indicate a lack of careful consideration. Point V is denied.

The judgment of the trial court is affirmed.

RAHMEYER, P.J., and BATES, J., Concur.